(48 South. 150.)

No. 17,349.

In re LINDNER.

In re RINGE.

(Nov. 30, 1908. Rehearing Denied Jan. 18, 1909.)

COURTS (§ 224*) — SUPREME COURT — SUPERVISORY JURISDICTION.

Though the proviso, in article 101 of the Constitution, to the effect that the Supreme Court shall in no case exercise the power to review a judgment of the Court of Appeal, unless application be made not later than 30 days after such judgment has been rendered and entered, does not establish a rule for the action of the court in the exercise of the supervisory jurisdiction conferred by article 94, it serves at least as a guide by which the court may well be governed in cases arising under the article last mentioned, where no sufficient reason appears for unusual delay in applying for relief.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 224.*]

(Syllabus by the Court.)

Action by J. F. Lindner against Joseph Pompei and wife. Judgment for plaintiff. Rule to show cause against Delia Pompei and Alfred Ringe for violation of injunction obtained in the original suit. Judgment for plaintiff, and, on execution against Ringe for costs in the contempt proceedings, he applies for certiorari and prohibition. Application dismissed.

Albert Voorhies and Richard Horace Browne, for relator. Respondent judge, pro se. Theodore Cotonio, for respondent Lindner.

MONROE, J. It appears, from the application and return in this case, that in September, 1905, J. F. Lindner brought suit in the civil district court, claiming ownership, by virtue of a tax title and of the prescription of three years, of two lots of ground on Grant street, in this city, alleging that the property, at the date of his purchase, was assessed to Mrs. Delia B. Dooling, wife of Joseph Pompei, and praying that she and her husband be cited, and that his title be confirmed. According to the return of the sheriff, the parties named were cited (by service at their domicile, in the hands of Miss E. Ringe), and they excepted to the petition for "vagueness," and as disclosing "no cause or right of action," which exceptions were overruled, after which there was judgment by default, confirmed November 16, 1905, quieting plaintiff in his title, recognizing him as the owner, in possession, of the property, enjoining defendants from setting up any title thereto, and condemning them to pay the costs. Shortly afterwards plaintiff ruled defendants to show cause why the costs should not be taxed, and the rule was made absolute December 15, 1905, taxing the costs against Mrs. Pompei at $14.50. In May, 1907, plaintiff again proceeded by rule, setting up the judgment of November 16, 1905, and the injunction included therein, alleging that Mrs. Pompei and one Alfred Ringe, in violation thereof, were claiming to be in possession of the property; that said two parties, quoad said property, were one and the same, "the said Ringe conveying, at times, property in the name of Mrs. Pompei;" that Ringe had filed proceedings claim-

ing possession of said property, but, on the mover's setting up his judgment by way of estoppel and res judicata, had discontinued the same; that Mrs. Pompei was a party to said proceeding, and that her acts and those of said Ringe were in contempt of mover's judgment and injunction—and praying that they be ordered to show cause why they should not be held guilty of contempt and punished accordingly. Both parties appeared, and, after several hearings, there was judgment (January 22, 1908) making the rule absolute as to Ringe, condemning him to pay $10 by way of fine for the contempt of which he was adjudged guilty, with costs, and dismissing the rule as to Mrs. Pompei. From the judgment so rendered, Ringe appealed to the Court of Appeal, where it was held that the remedy was not by appeal, but by certiorari and prohibition; and, a rehearing having been refused (June 29th), he applied to this court to review the ruling of the Court of Appeal, which relief was denied (judgment, in chambers, placed on record August 17th). On September 4th, following, Lindner ruled Ringe to show cause why he should not pay the fine imposed, and why execution should not issue for the costs for which he had been condemned in the contempt proceeding; and, after hearing, there was judgment (rendered October 16th, signed October 22d) ordering execution to issue against Ringe for $29.95 costs, "the right of the sheriff being reserved for the sum of $10, under judgment for contempt." On October 30th the present application was presented to this court by Ringe, who, after reciting the various proceedings above mentioned, alleges and prays as follows:

"This relator, being ruled to pay said fine of $10 and $29 of costs, moved for a new trial upon the grounds stated at full length in his answer to the rule, but the same was denied. Whereupon this relator notified in writing both the honorable trial judge and the plaintiff, J. F. Lindner, through his counsel, of his purpose to apply to this honorable court for a writ of revision, with certiorari and prohibition. Where-

fore, considering the above showing, sworn to, and the annexed proceedings, relator respectfully prays for writs of certiorari, revision, and prohibition, directed to the honorable trial judge of division D of the civil district court for the parish of Orleans, and for a decree annulling the aforesaid proceedings in the premises."

To this the judge of the district court, made respondent, answers that, quoad the judgment on the rule for contempt, relator has had his day in court and the application comes too late; that the only matter now before the court is whether plaintiff, Lindner, has the right to have his costs taxed in a proceeding that has been disposed of by final judgment—a right which, respondent alleges, cannot be denied him.

. We are of opinion that the return so made is sufficient, since the judgment on the rule for contempt was finally disposed of by the Court of Appeal on June 29th, and the application for the review of the judgment of that court was denied by this court on August 17th, after which no steps were taken by relator to obtain a review of the judgment on the rule for contempt until October 30th, some eight days after the judgment on the rule for costs had been signed.

It is true that, in conferring supervisory power on this court, the Constitution (article 94) does not limit the time within which that power may be exercised; but we think it should be invoked within a reasonable time, and to exercise it in cases where the party complaining has allowed months, perhaps years, to elapse before making his complaint, would be to violate the spirit of the liberal provision of the Constitution under which such action is authorized.

Article 101 of the Constitution, authorizing the review of judgments rendered by the Courts of Appeal, contains the proviso:

"That the Supreme Court shall, in no case, exercise the power conferred on it by this article, unless application be made to the court, or to one of the justices thereof, not later than thirty days after the decision of the Court of Appeal has been rendered and entered."

And, though this does not establish a rule for the action of the court under article 94, it serves at least as a guide by which the court may well be governed in cases where no sufficient reason appears for unusual delay in applying for relief. It may be remarked, in addition, that it is not clear that relator prays for a review of the judgment on the rule for contempt, and it is clear that, without a review of that judgment (which, for the reasons stated, could not have been accorded, even if applied for), there is no basis upon which the judgment on the rule for execution and for costs can be disturbed.

It is therefore adjudged and decreed that this application be dismissed, at the cost of the relator.