CULPEPPER, Judge.
On July 10, 1959, the defendant, George J. LeBlanc, sold to the plaintiff, Lowell W. Davis, a tract of land and the house located thereon for the price and sum of $20,200 cash. Later this suit was instituted by the plaintiff for the recision of said sale and the return of the purchase price, plus certain damages, predicated on the existence of redhibitory defects. After trial on the merits, judgment was signed rescinding the sale and condemning George J. LeBlanc to pay to Lowell W. Davis the sum of $20,200, representing return of the purchase price. The judgment also condemned the defendant to pay to the plaintiffs damages totaling $1727.90. Thereafter the defendant filed a timely petition for suspensive appeal, which was granted on defendant furnishing bond or other security in the sum of $3500.
Then plaintiffs filed a motion for rule to show cause why the appeal bond should not be decreed insufficient and the order for suspensive appeal set aside. (LSA-C.C.P. Art. 5123 et seq.) After hearing, plaintiffs’ rule was dismissed by the lower court. Plaintiffs then applied to this court for writs of certiorari, mandamus and prohibition on the grounds that the lower court erred in finding the $3500 bond sufficient because LSA-C.C.P. Art. 2124 states that “When the judgment is for a sum of money, the amount of the security shall exceed by one-half the amount of the judgment * * * ” Writ of certiorari was granted and we now have the matter under our supervisory jurisdiction.
The applicable law, as to the amount of security for appeals, is found in LSA-C.C.P. Art. 2124 which reads as follows:
“Art. 2124. Security to be furnished for an appeal
“The security to be furnished for a devolutive appeal shall be fixed by the trial court at an amount sufficient to secure the payment of costs.
“The security to be furnished for a sus-pensive appeal is determined in accordance with the following rules:
“(1) When the judgment is for a sum of money, the amount of the security shall exceed by one-half the amount of the judgment, including the interest allowed by the judgment to the .date the security is furnished, exclusive of costs;
“(2) When the judgment distributes a fund in custodia legis, only security sufficient to secure the payment of costs is required; and
“(3) In all other cases, the security shall be fixed by the trial court at an amount sufficient to assure the satisfaction of the judgment, together with damages for the delay resulting from the suspension of the execution.”
“A suspensive appeal bond shall provide, in substance, that it is furnished as security that the appellant will prosecute his appeal, that any judgment against him will be paid or satisfied from the proceeds of the sale of his property, or that otherwise the surety is liable for the amount of the judgment.
“Both devolutive and suspensive appeal bonds shall afford security for the payment of all appellate costs paid by the appellee, and all costs due by the appellant, including those due the clerk of the trial court for the preparation of the record on appeal.”
The judgment in the instant case decreed the recision of the sale and ordered defendant to pay to the plaintiffs the total sum of $21,927.90, representing return of *226 the purchase price, plus damages. As far as the plaintiff is concerned, it is a judgment for a sum of money. Under LSA-C.C.P. Art. 2124, quoted above, the security which must be furnished for a suspensive appeal from such a money judgment, shall exceed by one-half the amount of the judgment including interest. It is our opinion that the trial judge had no discretion but to follow this provision of the Code of Civil Procedure.
It is the contention of the defendant-respondent that the bond of $3500 is sufficient because the evidence shows that, immediately after the purchase of the property, plaintiff executed a mortgage thereon for the sum of $18,700, and therefore plaintiff’s equity in the property is only $1500. Defendant argues that the purpose of the redhibitory action is to place the buyer and seller in the same position they occupied before the sale and all that is necessary to accomplish this purpose is to secure the return to the plaintiff of his equity of $1500 in the property, plus damages and interest. The first answer to this argument is that the judgment appealed from makes no mention whatever of the mortgage, but simply orders defendant to pay to plaintiffs the total sum of $21,929.90 plus interest. This is a definite sum of money, specified in the judgment with certainty, and the suspensive appeal bond must therefore exceed the amount of said money judgment by one-half, under the clear requirements of LSA-C.C.P. Art. 2124. Although we think this reason is sufficient, we note also that actually a bond in the sum of $3500 will not secure the plaintiff. In the event his judgment is affirmed on appeal and the sale set aside, he will still be personally liable on the note and mortgage and the only way he can be sure to escape this liability is to see that it is paid. This will be necessary in order to place the parties in the same position they occupied before the sale.

APPENDIX

For the reasons assigned, the judgment of the lower court, holding the suspensive appeal bond in the sum of $3500 to be sufficient, is annulled and set aside. It is hereby ordered, adjudged and decreed that said bond is insufficient and that the defendant, George J. LeBlanc, must furnish security for his suspensive appeal in the amount of $35,632.75, the said security to be furnished within four days, exclusive of legal holidays, of the date of this judgment,[1] all in accordance with the provisions of LSA-C.C.P. Arts. 5123 and 5124. This case is remanded to the lower court for further proceedings in accordance herewith.
Reversed and remanded.

Footnote 1:

It is to be pointed out, since this case is decided under our supervisory jurisdiction, it is final as of the date of rendition; the delay in finality provided by LSA-C.C.P. Art. 2167 refers only to judgments rendered under our appellate jurisdiction. In the absence of securing a stay order from the Supreme Court within which to apply for and have considered a supervisory writ, the defendant-respondent must furnish the required security within four days, exclusive of legal holidays, from the date hereof.