PER CURIAM.
This matter is before us on the plaintiff’s application for supervisory relief.
The plaintiff, a natural gas company, filed some ten expropriation suits in connection with the construction of a pipe line planned to be placed in service by September 1, 1967. The trial court denied the plaintiff’s motion to fix these cases for trial during July and August of 1967.
The plaintiff applies to this court for supervisory relief, urging the necessity for immediate trial of the suits and further contending that the trial court abused its discretion by refusing to hear the expropriation cases until September. In so arguing, the plaintiff pipe line company relies upon the statutory provision set forth at LSA-R.S. 19:8: “Expropriation suits shall be tried in term time or in vacation and shall be conducted with the greatest possible dispatch. Judgments rendered in vacation shall have the same force and effect as those rendered in open court.”
Succinctly, the plaintiff-relator applies to supervisory powers relating to the power *673 of the appellate court to require performance of some duty plainly imposed by law, in the absence of any other adequate remedy. See Supervisory Powers of the Louisiana Courts of Appeal, 38 Tul.L.Rev. 427 (1964).
We have ultimately concluded that we will deny the application upon the following principle: This court will not exercise its supervisory jurisdiction when, due to the element of time, any judgment which might be rendered by it could not become effective to afford relator the relief sought.
In this connection, we note that the application was filed in this court on June 28, 1967. We are disposing of it, after full study, on the following day, June 29. Nevertheless, we think it to be virtually impossible, if we do grant supervisory writs, for a judgment of this court, if opposed, to become effective prior to September, even if we do order trial to be fixed at available dates during July and August.
Until recently, a judgment of an appellate court under its supervisory jurisdiction was (in the absence of a stay order) regarded as executory immediately and without any delay to apply for rehearing, since the judgment was rendered under supervisory jurisdiction conferred plenarily by the state constitution, not under appellate jurisdiction regulated by any statute. Davis v. LeBlanc, 139 So.2d 224 (La.App.1962); 23 La.L.Rev. 390 (1963); 38 Tul. L.Rev. 442-443 (1964). Cf. also: In re Lindner, 122 La. 683, 48 So. 150 (1909); 34 Tul.L.Rev. 165, 169 (footnote 27); Reporter’s Comment, Article 2201, Louisiana Code of Civil Procedure.
However, in several per curiam opinions our state Supreme Court has recently indicated that the exclusive remedy for review of court of appeal judgments rendered by exercise of the supervisory jurisdiction is provided by Section 11 of Article VII of the Constitution (formerly thought applicable only to review of appellate-jurisdiction judgments). Pelloat v. Greater New Orleans Expressway Commission, 248 La. 122, 176 So.2d 452 (1965); ASP, Incorporated v. Capital Bank & Trust Co., 247 La. 724, 174 So.2d 133 (1965); Joint Legislative Committee of Legislature v. Fuselier, 247 La. 723, 174 So.2d 133 (1965).
In deference to these rulings of our highest court, the Uniform Rules of the Courts of Appeal were amended on December 15, 1965, to provide a new Section 7 of Rule XII: “After a remedial or supervisory writ is granted, the matter shall be decided and the judgment of the court shall become final and executory in the same manner and upon the expiration of the same delays as if the case had been decided on appeal.”
This being so, any judgment rendered by this court ordering a hearing of the expropriation suits during July or August could not reasonably become final until expiration of the following delays (in addition to those required for granting the writ application, for fixing a delay in which the parties may brief it, and for preparing and rendering our decision after consultation): (a) the expiration of 14 days in which the unsuccessful party might apply for rehearing, said delay to commence the running after notice of the judgment has been given to counsel, LSA-C.C. P. Art. 2166; (b) the time within which to consider and dispose of any application for rehearing; and (c) either the expiration of 30 days after the denial of the rehearing by this court if no timely application has been made to the supreme court for writ of certiorari or the supreme court’s denial of a timely application for a writ of certiorari if made within the 30 days, LSA-C.C.P. Art. 2167. See also Louisiana Constitution of 1921, Article VII, Section 11.
We therefore decline to exercise our discretionary supervisory jurisdiction to render judgment on a question of such importance to the judicial administration of the state, because of the probability that these proceedings will become moot without our highest court having the opportunity to review any ruling we might make upon *674 this question, should this court intervene at this time. It is inappropriate for this court to issue an ineffective judgment which cannot give relator the relief desired (should relator prevail in this court), but which at the same time will become moot before the Supreme Court has had the opportunity to review any pronouncement of this court on a question of such importance.
The application for supervisory writs is denied.
Supervisory writs denied.