ON APPLICATION FOR REHEARING.
LOTTINGER, Judge.
This matter, is before this Court on the application of Louisiana Power & Light Company for a rehearing on the granting by this Court of an alternative writ of mandamus.
*621 The record points out that the plaintiff, City of Houma, in the instant expropriation proceeding requested through its Interrogatory No. 2 of May, 1968, and Interrogatories Nos. 14, 15 and 16 of January, 1969, certain “original cost” figures and depreciation of certain property of Louisiana Power & Light Company. These Interrogatories were objected to by Louisiana Power & Light Company on the basis that the information sought was irrelevant and not available without onerous research. On September 8, 1969, the Trial Court upheld this objection. The plaintiff applied to this Court for writs, and on November 17, 1969, we granted the following:
“IT IS FURTHER ORDERED that an Alternative Writ of Mandamus issue herein, commanding the Honorable Leonard Greenburg, Judge of the Seventeenth Judicial District Court for the Parish of Terrebonne, to order defendant to answer within ten days, or such time as he may deem reasonable, all interrogatories filed herein by plaintiff except Nos. 6 and 7 of January 28, 1969;
Or, in the alternative, said Judge and the respondent, Louisiana Power & Light Company, shall show cause in this Court, by briefs, on or before the 15th day of December, 1969, why this writ should not be made peremptory; and
Should said Judge elect the alternative, IT IS ORDERED that a writ of certi-orari issue herein, directing said Judge to transmit to the Court of Appeal, First Circuit, State of Louisiana, on or before the date aforesaid, the record, or a certified copy of the record, of the proceedings complained of by the relator herein, to the end that the validity of the proceedings may be ascertained; and
IT IS FURTHER ORDERED, in the event the alternative is elected, that, in the meantime and until further orders of this Court, all proceedings against the relator in this cause in said Seventeenth Judicial District Court for the Parish of Terrebonne shall be stayed and suspended.”
On December 11, 1969, the Trial Court rendered and signed the following judgment:
“Pursuant to and in compliance with an alternative writ of mandamus granted November 17, 1969, by the Court of Appeal, First Circuit, State of Louisiana commanding this court ‘to order defendant to answer within ten days, or such time as he may deem reasonable, all interrogatories filed herein by plaintiff except Nos. 6 and 7 of January 28, 1969.’
IT IS ORDERED, ADJUDGED AND DECREED:
That the defendant, Louisiana Power and Light Company be and it is hereby directed and ordered to answer within thirty days all interrogatories filed herein by Plaintiff on January 28, 1969,- except nos. 6 and 7.”
Louisiana Power & Light Company is now applying for a rehearing to the writs made peremptory by the Trial Court’s judgment of December 11, 1969. The plaintiff, City of Houma, has filed opposition to this application for rehearing on the grounds that Rule XI, Section 6 of the Uniform Rules-Courts of Appeal does not allow a rehearing to the mere granting or refusing of a remedial writ. Rule XI, Section 6 reads as follows, to-wit:
“An application for rehearing will not be considered when the judgment of the court has merely overruled a motion to dismiss an appeal or, when, for any other reason the judgment of the court has not finally disposed of the appeal; nor will an application for a. rehearing he considered when the court has merely granted or refused to grant an alternative writ of mandamus, prohibition, other remedial writ or a rule nisi.” (emphasis added.)
Louisiana Power & Light Company contends that rehearings on remedial writs are allowable as provided for by Rule XII, *622 Section 7 of the Uniform Rules-Courts of Appeals, which along with the Revision Committee’s Comment, reads as follows:
“After a remedial or supervisory writ is granted, the matter shall be decided and the judgment of the court shall become final and executory in the same matter and upon the expiration of the same delays as if the case had been decided on appeal. Amended Dec. 15, 1965, effective Jan. 1, 1966.
REVISION COMMITTEE’S COMMENT
Until recently, after a remedial writ was granted, the subsequent judgment of the court of appeal was (in the absence of stay order) regarded as executory immediately and without any delay to apply for rehearing, since the judgment was rendered under the plenary supervisory jurisdiction, not under the appellate jurisdiction regulated by statute. Davis v. Le-Blanc, 139 So.2d 224 (La.App. 1962); 23 La.Law Rev. 390 (1963); 38 Tul.La.Rev. 442-443 (1964). Cf. also, with reference to the Supreme Court’s power under its supervisory jurisdiction to review court of appeal judgments without regard to time limits or other limitations upon its power to review intermediate judgments under the court’s appellate jurisdiction: In re Lindner, 122 La. 683, 48 So. 150 (1909); 34 Tul.Law Rev. 165, 169 (footnote 27); Reporter’s Comment, Article 2201, Louisiana Code of Civil Procedure.
However, the Supreme Court has recently indicated that the exclusive remedy for review of court of appeal judgments rendered by exercise of the supervisory jurisdiction is provided by Section 11 of Article VII of the Constitution (formerly thought applicable only to review of appellate-jurisdiction judgments). Pelloat v. Greater New Orleans Expressway Commission, 248 La. 122, 176 So.2d 452 (1965); ASP., Incorporated v. Capital Bank & Trust Co., 247 La. 724, 174 So. 2d 133 (1965); Joint Legislative Committee, etc. v. Fuselier, 247 La. 723, 174 So.2d 133 (1965). If so, the Supreme Court may not review a court of appeal judgment even though rendered through exercise of supervisory jurisdiction, unless a rehearing has been refused by the intermediate court, with the court of appeal judgment not becoming ex-ecutory at least until expiration of the thirty-day delay allowed within which to apply for Supreme Court review. The rules change hereby adopted reflects this interpretation, and it is intended primarily to inform members of the Bar as to the effect of the Supreme Court’s recent rulings.”
The three cases cited in the Revision Committee’s Comment must be read in their entirety, that is, along with the opinion of the Court of Appeal. It can be seen from each of the three cases that the Court of Appeal had granted a writ of certiorari and disposed of the matter following a hearing on a rule nisi. Pelloat v. Greater New Orleans Expressway Commission, 175 So.2d 656 (La.App. 1st Cir., 1965), writ refused, 248 La. 122, 176 So.2d 452 (1965)-; ASP., Incorporated v. Capital Bank & Trust Co., 174 So.2d 809 (La.App. 1st Cir., 1965), writ refused, 247 La. 724, 174 So.2d 133 (1965); Joint Legislative Committee v. Fuselier, 174 So.2d 817 (La.App. 1st Cir., 1965), writ refused, 247 La. 723, 174 So.2d 133 (1965). This is not the same situation as is presented to us in the instant proceeding. Here we issued an alternative writ of mandamus directing the Trial Judge to order the answering of Interrogatories or to show cause why the writ should not be made peremptory. Rather than show cause, the Trial Judge ordered the answering of the Interrogatories. This Court never had the opportunity to study the arguments on the merits as to whether the Interrogatories should be answered and render a judgment thereon.
We are of the opinion that Rule XII, Section 7 of the Uniform Rules-Courts of Appeal pertains to the situation where the remedial or supervisory writ is *623 granted and the matter is actually studied and decided by the Court of Appeal, and not where the Court has “merely granted or refused to grant an alternative writ of mandamus, prohibition, other remedial writ or a rule nisi,” as provided in Rule XI, Section 6 of the Uniform Rules-Courts of Appeal. We feel that where this Court issues an alternative writ of mandamus, and the Trial Judge chooses not the alternative but rather to comply with the writ of mandamus, this Court has not as contemplated by Rule XII, Section 7 rendered a decision.
Therefore, under the provisions of Rule XI, Section 6, of the Uniform Rules-Courts of Appeal, the application for a rehearing by Louisiana Power & Light Company will not be considered. Application for rehearing not considered.