251 So.2d 104 (1971)
TEXAS GAS TRANSMISSION CORPORATION, Plaintiff-Appellant,
v.
Grady J. SOILEAU et al., Defendant-Appellee.
No. 3445.
Court of Appeal of Louisiana, Third Circuit.
June 22, 1971.
Rehearing Denied August 16, 1971.
Writ Refused October 18, 1971.
*106 Edwards, Edwards & Broadhurst, by William C. Broadhurst, Crowley, and Shotwell, Brown & Sperry, by Burt W. Sperry, Monroe, for plaintiff-appellant.
Pugh, Buatt, Landry & Pugh, by Kenneth Privat and Lawrence G. Pugh, Jr., Crowley, for defendant-appellee.
Before SAVOY, MILLER and DOMENGEAUX, JJ.
MILLER, Judge.
Plaintiff, Texas Gas Transmission Corporation, seeks to expropriate a right-of-way across a 28 acre tract of defendants' land for a thirty inch natural gas pipe line. Defendants filed an exception of vagueness which was sustained by the trial court. Plaintiff applied to this court for writs of certiorari and review of the order sustaining the exception. We denied writs. Plaintiff then applied for writs of certiorari to the Louisiana Supreme Court which were denied, 255 La. 789, 232 So.2d 515. Thereafter plaintiff filed an amended petition. Judgment was entered on May 14, 1970 granting plaintiff the right to construct the pipe line and reserved to defendants their right for a future determination of damages. On August 25, 1970 judgment was rendered in favor of defendants for $3,712.73. This sum represented the value of the property taken, including the use of the temporary work area, all damages resulting from the construction of the pipe line, and legal interest thereon from May 14, 1970.
Plaintiff appeals from the judgment sustaining the exception of vagueness and from the judgment of August 25, 1970 awarding severance damages and damages for loss of defendants' 1970 crawfish crop. Defendants answered the appeal alleging that the trial court erred in granting plaintiff the right to expropriate and, in the alternative, they seek an increase in the award.

EXCEPTION OF VAGUENESS
Defendants argue that this court cannot entertain an appeal from the judgment sustaining the exception of vagueness because the ruling on the exception is an interlocutory judgment which is not appealable in the absence of a showing by plaintiff of irreparable injury. Defendants further argue that appellate review of the issue became final by the denial of writs by the Supreme Court.
In denying plaintiff's writ application this court held it would not exercise its supervisory jurisdiction where, due to the time element, any judgment which might be rendered by it could not afford relator the relief sought. See Michigan-Wisconsin Pipe Line Company v. Fruge, 201 So.2d 672 (La.App. 3 Cir. 1967). The Supreme Court in denying this plaintiff's application for writs stated: "Writ refused. The showing made does not warrant the exercise of our jurisdiction." Thus, review of the correctness of the trial court's ruling on the exception has never been made by this court nor the Supreme Court. The issue is not moot.
An interlocutory judgment which does not cause irreparable harm is not appealable. LSA-C.C.P. Art. 2083. However, this does not mean that interlocutory judgments are never subject to review. When a judgment is rendered on the merits of the case, any interlocutory judgment becomes part of the final decree and is subject to review on appeal. People of Living God v. Chantilly Corporation, 251 La. 943, 207 So.2d 752 (1968); Vehrs v. Jefferson Insurance Company, 166 So.2d 20 (La.App. 3 Cir. 1964). With the signing of the August 25, 1970 judgment on the merits, the ruling sustaining the exception of vagueness is subject to review on appeal.
Defendants' exception of vagueness contended that they were unable to answer the petition because there was no showing why or for what purpose the line was to be *107 constructed nor why it was necessary for public purposes. Further that the petition did not disclose the location of the gas reserves or where the reserves were to be transported nor did it disclose why this line was necessary in view of the fact that plaintiff owned two other lines crossing defendants' property generally parallel to the proposed line.
Plaintiff contends that the district court erred in sustaining the exception in the face of allegations in its petition that it held a Certificate of Public Convenience and Necessity from the Federal Power Commission authorizing construction of the line. Plaintiff is a natural gas company as defined by the Natural Gas Act (U.S.C.A. Title 15 Section 717 et seq.) engaged in the business of interstate transportation of natural gas. Pursuant to the provisions of USCA Title 15, Section 717 et seq. and LSA-R.S. Title 19, it is empowered with the right to expropriate. Plaintiff contends that the Federal Power Commission's Certificate of Public Convenience and Necessity is prima facie evidence of the need and public purpose of the proposed construction, and by sustaining the exception the trial court allowed a collateral attack to be made on the findings of the Federal Power Commission, contrary to the established jurisprudence.
In effect, plaintiff argues that by alleging that it holds a Certificate of Public Convenience and Necessity allowing it to construct a pipe line in Louisiana, the landowner has been furnished sufficient facts, and the burden is then placed on the landowner to establish that the pipe line is not necessary for the public convenience. We do not agree.
The exception of vagueness is a dilatory exception which does not defeat the action but merely retards its progress. LSA-C.C.P. Art. 923. The purpose of the exception is to require plaintiff to furnish the nature of the facts to be proved in order to enable him to prepare his defense. Washington v. Flenniken Construction Company, 188 So.2d 486 (La.App. 3 Cir. 1966); Merrimack Mutual Insurance Co. v. Sears, Roebuck and Co., 128 So.2d 239 (La.App. 2 Cir. 1961).
Defendants' exception of vagueness alleged that numerous facts were omitted in plaintiff's petition, the knowledge of which were necessary so that they could prepare a defense. Plaintiff's allegation that it holds a Certificate of Public Convenience and Necessity is insufficient to place the burden on the landowner to prove that this taking is not necessary. The landowner was not represented at the hearing when the Certificate of Public Convenience and Necessity was under consideration. The landowner is entitled to litigate this crucial issue without undertaking the burden of proving that the right-of-way across his land is not necessary.
Expropriation laws and proceedings are "special and exceptional in character" by the simple fact that they are in derogation of the common right to own property, and thus must be strictly construed and highly scrutinized. Every step in the proceeding must bear the same degree of thorough examination to insure that the landowner is at all times afforded protection against the power of the taker.
Plaintiff concedes that its certificate and the filing of an expropriation proceeding do not foreclose the issue of its right to expropriate. We go further to hold that it does not shift the burden to the landowner to establish that his land is not necessary for the public's use. The burden of proving the right and necessity of the taking still rests with plaintiff, as it does with every authority which attempts to expropriate private property. Interstate Oil Pipe Line Company v. Friedman, 137 So.2d 700 (La. App. 3 Cir. 1962). Necessarily, plaintiff's petition must allege sufficient facts to apprise defendants of all the elements of its claim to allow defendants to properly prepare their defense. The trial court properly sustained the exception of vagueness.

*108 PROOF OF PUBLIC CONVENIENCE AND NECESSITY
There is no merit to defendants' answer to the appeal wherein they contend that plaintiff did not sufficiently prove the public convenience and necessity of the pipe line. In addition to introducing into evidence the Certificate of Public Convenience and Necessity issued by the Federal Power Commission, plaintiff offered the testimony of two of its officials to establish from an engineering standpoint the need for the additional pipe line and the need for the route chosen. There was no evidence submitted by defendants in rebuttal. We affirm the holding that plaintiff has carried the burden of proving the public convenience and necessity of this right-of-way.

AWARD FOR PROPERTY TAKEN
The trial court awarded the sum of $357.60 as the value of the permanent right-of-way affecting one-half acre plus the rental for .86 of an acre necessary for a temporary work area. This award was based on the conclusion that the highest and best use of the property taken was for agricultural purposes. The trial court accepted the testimony of the appraisers for plaintiff as opposed to defendants' appraisers who testified that the property was suitable for a combination of agricultural purposes and suburban home sites.
The property is situated in the extreme eastern part of Acadia Parish, almost adjacent to the north side of Interstate Highway 10 and lies approximately one mile north of the Town of Duson and eight miles west of Lafayette. The evidence shows that the area immediately surrounding the land was chiefly agricultural with few home sites. The trial judge personally viewed the property and concluded that it was too speculative and remote to say that the highest and best use of the property was for suburban home sites. We find no error in the trial court's assessment of the nature of the land and the resulting award.

SEVERANCE DAMAGES
In addition to the award for the land taken, a property owner is entitled to recover damages caused by the expropriation. La. Constitution, Art. 1, Section 2. These include severance damage, which is the diminution in the market value of the remainder of the parent tract caused by the expropriation and by the use to which the expropriated servitude will be put. In ordinary expropriation proceedings, severance damages are determined as of the date of the institution of the expropriation suit, just as is the market value of property taken. See Trunkline Gas Company v. Verzwyvelt, 196 So.2d 58, 59 (La. App. 3 Cir. 1967).
The trial court awarded $1,085.13 in severance damages as representing a 35% loss to the market value of 4.21 acres located in the southwest corner of the 28 acre tract. Plaintiff contends that the district court erred because the preponderance of evidence shows no loss in market value of the adjoining property resulting from this taking.
The eastern boundary of defendants' tract fronts on a parish road. Prior to this taking, defendants' property was burdened with five other pipe lines which traverse the southwest corner of the property running generally in a northwesterly-southeasterly direction. The present line lies to the west of and runs parallel with the existing lines until approximately midway across the taking affecting defendants' property at which point it curves in a southerly direction away from the existing lines until it crosses the southern boundary of defendants' property. A 4.2 acre triangular area in the southwest corner is separated from the remainder of the property by the existing lines. It is for this area that the trial court awarded severance damages.
A. Byron Core and Marion Edwards, real estate appraisers of Crowley, testified for plaintiff. Both were of the opinion that the highest and best use of the property was for agricultural purposes and that *109 the property would not suffer severance damages as a result of the taking. Mr. Core based his opinion on the fact that the triangular corner had already been diminished in value by the presence of the five existing lines and a sixth line would not make that much difference to a prospective buyer purchasing the property for agricultural purposes. Mr. Edwards testified that in his experience as a real estate agent he had never encountered difficulty in selling property burdened with a pipe line.
Defendants used as their appraisers Messrs. Preston Babineaux and Regis Breaux of Lafayette and Mr. William Hoffpauer of Crowley. These witnesses were of the opinion that the triangular section of the property suffered a seventy per cent (70%) decrease in market value for a total of $1,806.00 in damages. Mr. Babineaux's opinion was based on his experience as a real estate agent in the area wherein he had encountered difficulties selling property because of existing pipe lines. He testified that the fear of explosion, whether warranted or not, makes a prospective buyer hesitant in purchasing property encumbered with high pressure gas lines. He stated that the present lines would further decrease the value of the triangular area because of the angle in which it deviates from the other lines, leaving the remaining area with very limited surface rights. For this reason, he felt the southwest corner would always be limited to agricultural purposes. He stated that even if used only for agricultural purposes, the area would be encumbered because of the prohibition against constructing any structure on the right-of-way or against digging drainage ditches across the right-of-way. In his opinion, the deviation of the present line from the five existing lines encumbered the landowners in the above activities. Mr. Breaux and Mr. Hoffpauer testified to the same effect.
In assessing severance damages, the trial judge accepted the opinion of defendants' appraisers over that of plaintiffs and concluded that the additional line reduced the market value of the 4.2 acres located in the southwest corner of the property. While we find that the 35% diminution seems high under the circumstances of this case, we fail to find manifest error. The trial court's decision is supported by our holding in Trunkline Gas Company v. Verzwyvelt, 196 So.2d 58 (La.App. 3 Cir. 1967). Severance damages were there awarded for a third pipe line laid across agricultural lands. The reasons here cited by landowners' expert witnesses were similar to those supporting the opinion of landowner's experts in the Verzwyvelt case. See 196 So. 2d 58 at 60.

AWARD FOR LOSS OF CRAWFISH CROP
The trial court found that defendants had used this tract for crawfish farming for the seven years prior to 1970; that to make the crop, defendants needed water from their neighbor to the west; that defendants were notified that the pipe line would come through and that defendants would not be able to get a supply of water for their crawfish pond; and that defendants were assured by plaintiff's right-of-way men that they would be paid for the loss of the crop. On these findings plaintiff was awarded $150.00 per acre for the fifteen acres ordinarily used for their crawfish pond.
Plaintiff contends that defendants did not establish that they were going to farm crawfish for the 1970 crop year; that the flooding should have started before defendants received notice of the proposed crossing; and that in any event, damages for loss of a crop can be awarded only when the landowner has made an attempt to farm the crop. Lastly, plaintiff contends that defendants failed to establish that the crawfish pond was a commercial venture.
These contentions raise issues of credibility. There is no manifest error in the trial court's decision to accept the well supported testimony of defendants' witnesses.
*110 On the issue that the crawfish crop was too remote or speculative, we do not accept plaintiff's argument that such a claim must be based on the landowner establishing that there was a growing crop. Here the landowner was assured by the taker that the proposed construction of the line would virtually destroy his efforts to make a crop. The law does not require an exercise in futility. See Humble Pipe Line Company v. William T. Burton Industries, Inc., 253 La. 166, 217 So.2d 188 (1968).
The judgment appealed is affirmed at appellant's costs.
Affirmed.