MILLER, Judge
(dissenting).
This application for writs was placed before this panel of judges on the afternoon of April 20. On the morning of April 21, the writ was denied. On the afternoon of April 21, the day before the expropriation suit is to be tried, I present these reasons for voting to grant the writ and stay the proceedings.
I respectfully submit the majority erred in refusing to grant writs and stay the trial court proceedings until the non-resident defendant relator Ferdinand J. Dob-bertine has had adequate time to prepare a defense to the expropriation proceedings filed by plaintiff respondent Louisiana Resources Company. See Louisiana Resources Company v. Edwards, 329 So.2d 477 (La.App. 3 Cir. 1976); Louisiana Resources Company v. Greene, 329 So.2d 479 (La.App. 3 Cir. 1976); and Louisiana Resources Company v. Pere, 329 So.2d 480, (La.App. 3 Cir. 1976), where, in somewhat similar situations, this court granted writs and stayed the proceedings.
This expropriation suit, along with numerous others affecting property owners in Cameron Parish, was filed March 17, 1976. The curator-ad-hoc appointed to represent the absentee landowners addressed letters to them on March 23rd, and the letters were received on or about March 25. Landowner set about to employ counsel and this was arranged on March 31st. Responsive pleadings were filed April 1, 1976, the last day landowner could attack the necessity of the taking.
When the expropriation proceedings were filed the trial date was set by ex *488 parte order for April 22, 1976. At landowner’s counsel’s request the trial court signed an order on April 6, 1976 upsetting the April 22, 1976 fixing. On April 12, 1976 landowner was notified that April 22, 1976 had been set as the trial date for his exceptions of prematurity, vagueness, and no cause and/or no right of action, together with his timely filed defense that Louisiana Resources could not establish the necessity for the taking.
On or about April 14, 1976 landowners served interrogatories upon the expropriating party. Relators represent to us that since their attorneys have been employed, they have been busily engaged preparing their defenses. Among other things, they have attempted to obtain copies of the rules and regulations of the Conservation Commissioner relative to the granting of permits for “intrastate natural gas transporters”, and to obtain copies of the transcript of a hearing which landowners understand was held on respondent’s application for a certificate of transportation. Landowner’s counsel has been advised the transcript of the hearing or hearings has not yet been completed. Landowner is entitled to a judicial determination on whether the purpose of this taking is public and necessary. Art. 1, Section 4, Louisiana Constitution of 1974. If this judicial determination must be made in East Baton Rouge Parish, landowner should have his opportunity to proceed in that forum.
Plaintiff’s petition merely alleged it is constructing a gas pipeline to serve the public with natural gas and to meet the increased public demand for such service. Landowners submit this is vague and that the expropriating authority has failed to clarify this allegation in its response to landowner’s interrogatories.
Every person has the right to acquire, own, control, use, enjoy, protect, and dispose of private property. Art. 1, Section 4, Louisiana Constitution of 1974. This same article of the constitution provides that “Property shall not be taken or damaged by any private entity authorized by law to expropriate, except for a public and necessary purpose and with just compensation paid to the owner; in such proceedings, whether the purpose is public and necessary shall be a judicial question.”
It is a fundamental rule of statutory construction that expropriation laws are in derogation of common right and are to be strictly construed. Louisiana Power and Light Co. v. City of Houma, 229 So.2d 202, 207 (La.App. 1 Cir. 1969). Expropriation laws and proceedings are special and exceptional in character since they are in derogation of the common right to own property, and thus must be strictly construed and highly scrutinised. Every step in the proceeding must bear the same degree of thorough examination to insure that the landowner is at all times afforded protection against the power of the taker. Texas Gas Transmission Corp. v. Soileau, 251 So.2d 104 (La.App. 3 Cir. 1971).
I understand the majority to hold that since LSA-R.S. 19:5 permits trial of expropriation cases within 20 days after landowners have been served, trial courts have discretionary authority to require such a speedy trial in any case. I respectfully submit the trial court’s decision, and now ours, effectively deprives this landowner of his day in court, and may very well deprive him of his property without due process of law.
If the majority is correct, the matter should be addressed by the legislature to the end that Louisiana landowners might have an opportunity to meet expropriating authorities after both have had adequate opportunity to prepare their case for presentation to the court. If the expropriating authority had but twenty days to prepare its case before it was filed, then it would be entirely in order to hold landowner to the same timetable. Landowner has made a credible allegation that the expropriating authority has undoubtedly spent months preparing itself for this litigation. It chooses the time for filing each *489 of the multiplicity of its suits. It should not also have the right to demand immediate trial of those selected cases which it desires to have made “the test cases.” If the trial court decided which of the expropriating authority’s numerous suits was to be so speedily tried, the advantage of the expropriating authority would be reduced. The expropriating authority should not have the advantage given to District Attorneys in criminal cases: — to select which cases he will press to immediate trial and which are to remain for trial at a later date.
Landowner is entitled to have expropriation proceedings strictly construed against the expropriating authority and to have the proceedings highly scrutinized. To afford this protection, I would grant the applications for writs and the stay order.