MARVIN, Judge.
The plaintiff utility appeals from a judgment denying it the privilege of expropriating a particular right of way across the landowner’s property on a finding that the particular right of way sought by the utility would interfere more than is necessary with the convenience of the landowner. LRS 19:2(7); Louisiana Power & Light Co. v. Caldwell, 360 So.2d 848 (La.1978). We affirm for reasons assigned.
The ultimate issue requires our consideration of Caldwell and of our pre-Caldwell case, Claiborne Electric Cooperative, Inc. v. Garrett, 357 So.2d 1251 (La.App. 2d Cir. 1978), in which the Supreme Court denied writs after Caldwell, but before the Supreme Court denied rehearing in Caldwell. A determination of whether a violation of the statutory standard has occurred (an interference more than is necessary with the convenience of the landowner) must be made on the basis of the particular factual circumstances of each case.
In Caldwell, the Supreme Court considered that its opinion overturned an erroneous interpretation of LRS 19:2(7) by intermediate appellate courts and remanded the case for a full trial on the issue of violation of the statutory standard. The only facts mentioned by the Supreme Court revealed that the utility sought to expropriate 29 acres for a 100 foot right of way for a 230 KV electrical transmission line across the landowner’s property comprised of woodlands, swamp lands, and lands under cultivation in Terrebonne Parish. The property was burdened with a pipeline servitude belonging to another, apparently running in the same direction as the proposed servitude for the electrical transmission line. The landowner requested that the electrical transmission line be located on or along the gas line servitude. Among other factors, the Supreme Court noted that the utility’s expert witness estimated this routing would be one-half to one mile longer than the proposed right of way, but that the expert failed to estimate or compare the dollar amounts necessary for the construction of each route.
*CDXLVI In Garrett, this court considered the statutory standard, and held that since the utility offered minimal evidence to show it had considered the inconvenience to the landowner, and since the landowner offered no expert testimony to show major inconvenience, the utility’s selection of a route would not be disturbed. There the utility sought a 100 foot right of way for a 69 KV line across properties best suited for growing timber and for rural homesites. It was shown that an alternate route was considered, but rejected by the utility.
Here the utility proposes to connect its Shreveport substations at Hart’s Island and at South Shreveport (near Linwood Avenue and the Inner Loop Parkway) with a 138 KV transmission line. Public necessity is not questioned. This map depicts the proposal and the relative location of the landowner’s property traversed by Idema Street.

In 1974 the landowner granted a 30 foot servitude along the north side of Idema Street to the utility on which it maintains a 69 KV transmission line. The landowner contends that the proposed 138 KV line and the 69 KV line should be constructed on one servitude, either north or south of Idema Street, of whatever width is necessary to *CDXLVII accommodate the facility, but not along both sides of the street. The landowner has no objection to one servitude being temporarily used while the permanent line or lines are being constructed.
The utility contends that the mere urging of inconvenience, without proof to outweigh its proof of specific engineering and economic reasons for its choice of location of the 138 KV line along the south side of Idema is not a legally sufficient basis for the judgment below and that the trial court erred in weighing these factors and in finding more interference than was necessary. The utility further contends that the trial court erred in its interpretation and application of Caldwell, acknowledging, however, that Caldwell requires a determination from evidence that the expropriation of property by an electric utility does not interfere more than is necessary with the convenience of the landowners.[1]
Expropriation laws are in derogation of common right and are strictly construed. Louisiana Power and Light Company v. City of Houma, 229 So.2d 202 (La.App. 1st Cir. (1969) writ refused. The burden of proving a statutory condition or prerequisite for expropriation is on the expropriator. Texas Gas Transmission Corporation v. Soileau, 251 So.2d 104 (La.App. 3rd Cir. 1971), writ refused. We hold that the burden of showing that the location of the transmission line servitude interferes no more than is necessary with the landowner is upon the expropriator. See Caldwell, supra.
We interpret the trial court’s reasons for judgment as a finding that the utility did not meet its burden of proving that it selected the particular route on a consideration that the location south of the road did not interfere more than is necessary with the convenience of the landowner. The trial court said:
“I found nothing during the testimony which clearly indicated to me in specific words that plaintiff had in fact considered the selection of a route which would cause the least interference with the convenience of the landowner.”
The use of the term least interference is not ill chosen in view of the trial court’s observation that there is some interference with the landowner’s convenience in any expropriation of property for a transmission line. Some [reasonable] interference obviously is permissible, while more than necessary [or unreasonable] interference is not. An exercise in semantics at this juncture, however, would accomplish nothing because each case will present its own peculiar circumstances.
The utility considered a route north of Idema and the selected route south of Idema. The southern route was selected because it also would be located upon an existing drainage servitude owned by the State. Cost, continuity of service, and safety and engineering factors favor the southern route, according to the utility. The utility showed that it would cost approximately $200,000 to double circuit a line along the existing northern servitude with steel poles capable of supporting the two lines as opposed to a cost of approximately $100,000 to construct a single circuit on wood poles south of Idema. The several factors mentioned by the utility experts (engineering, costs, safety, continuity of service), while pertinent, did not expressly include consideration of the comparative interference with the convenience of the landowner which would result from either one dual line or two lines on one side of the street as opposed to having a line on each side of the street or which would result from the line being placed elsewhere on defendant’s property. We cannot say the trial court erred in its finding that the *CDXLVIII utility made its selection of a route without making the consideration required by the statute. Until it is shown that this consideration was made in the selection of the location of a proposed transmission line, as a prerequisite or a condition of expropriation, courts should not become concerned with a balancing or weighing of the factors which establish or negate that the proposed location interferes more than is necessary with the convenience of the landowner.
The burden is on the electric utility to show that it made this determination in compliance with the statute before expropriation is formally sought.
At appellant’s cost, judgment is AFFIRMED.
PRICE, J., dissents with written reasons.

. LRS 19:2 reads in part:
“When a price cannot be agreed upon with the owner, any of the following may expropriate needed property: * * *
“(7) Any domestic or foreign corporation created for the purpose of . transmitting . electricity . . The transmission lines . for which property was expropriated shall be so located [and] constructed ... as not to interfere . . . more than is necessary, with the convenience of the landowner. * * * ”