384 So.2d 528 (1980)
SOUTHERN NATURAL GAS COMPANY, Plaintiff-Appellant,
v.
Mrs. Billie Jean Cummings POLAND et al., Defendants-Appellees.
Nos. 14219 to 14227.
Court of Appeal of Louisiana, Second Circuit.
May 6, 1980.
Rehearing Denied June 12, 1980.
Writ Refused July 23, 1980.
Liskow & Lewis by John M. Wilson and Frederick W. Bradley, New Orleans, for plaintiff-appellant.
James M. Fowler, Jonesboro, Shaw & Shaw by W. M. Shaw, Homer, John Michael *529 Ruddick, Haynesville, Jenifer Ward Clason, Homer, Goff, Caskey, Davis & Fallin by H. Russell Davis, Arcadia, Burnett, Sutton, Walker & Callaway by Glenn E. Walker, Shreveport, Sanders & Castete, Ltd., a Professional Law Corp. by Herman A. Castete, Winnfield, Stewart & Stewart by Jonathan M. Stewart, Arcadia, for defendants-appellees.
Before HALL, MARVIN and McCLENDON, JJ.
En Banc. Rehearing Denied June 12, 1980.
MARVIN, Judge.
The plaintiff foreign corporation, an interstate pipeline operator, appeals a judgment in each of these nine cases, dismissing on peremptory exceptions, its demands under state law to expropriate above- and under-ground rights in a tract of land in each case for the purpose of storing interstate natural gas. The storage facility is designed to use an essentially depleted underground reservoir in the Bear Creek Field in Bienville Parish. We reverse.
Plaintiff brought separate suits in 1979 against the owners of the land and mineral interests in 75 tracts atop the reservoir. Plaintiff used this tract method (which plaintiff calls the lowest common denominator) in an attempt to avoid a larger number of suits.
In several of the 75 cases, some of the defendants who answered and raised other exceptions[1] within the 15-day delay,[2] later filed amended peremptory exceptions which alleged two grounds questioning plaintiff's right to expropriate. Plaintiff contends that these amended and allegedly belated exceptions present preliminary procedural issues of what defenses can be raised, how, by whom, and when, to expropriation.
The amended exceptions arose out of plaintiff's disclosure of its plan to construct and operate the storage facility. Because of cost and other factors, plaintiff and another interstate pipeline-foreign corporation, Tennessee Storage Company, entered into a partnership or joint venture called Bear Creek Storage Company. Plaintiff would transfer to Bear Creek all rights which it expropriated. Bear Creek would construct and own the facility. Plaintiff, however, would operate the facility for Bear Creek.
Details of the project were disclosed in the trial court and in an application to FERC. The requisite certificate of public convenience and necessity was issued by FERC under federal law to Bear Creek Storage Company to construct and operate the proposed interstate facility. 15 U.S.C. § 717.
The trial court held that Bear Creek Storage Company, and not the plaintiff, was the "proper party" in these nine cases, and sustained an "[Amended] Exception of No Cause or No Right of Action as to Improper Party."[3] The trial court also sustained an amended exception of no cause or no right of action because plaintiff had not been issued the FERC certificate of public convenience and necessity.
*530 The Natural Gas Act of the Congress does not require a certificate of public convenience and necessity for state law expropriation of property. 15 U.S.C.A. § 717f(c, h). Robinson v. Transcontinental Gas Pipeline Corp., 306 F.Supp. 201 (N.D. Ga.1969), affmd., 421 F.2d 1397 (5th Cir. 1970), cert. denied.
Louisiana authorizes expropriation for the piping and marketing of [interstate] natural gas for the purpose of supplying the public but only by a domestic or foreign corporation created for such a purpose. LRS 19:2(5). Such a corporation must show the public and necessary purpose for the expropriation. Art. 1, § 4, La. Constitution. See Dakin and Klein, Eminent Domain in Louisiana, (1970), p. 366; Hargrave, "The Declaration of Rights of the Louisiana Constitution of 1974", 35 La.L.R. 1, pp. 16-17. Other requirements are that plaintiff negotiate in good faith for conventional acquisition of the property rights before petitioning to expropriate. LRS 19:2; Louisiana Power & Light Co. v. Lasseigne, 256 La. 919, 240 So.2d 707 (1970), and that plaintiff have the permission of the Louisiana Commissioner of Conservation to utilize the underground reservoir, LRS 30:22(B).
The trial court found that plaintiff had fulfilled the "negotiation" requirement. The record establishes that plaintiff did have permission of the Louisiana Commissioner of Conservation to utilize the reservoir, and that the project is necessary and for a public purpose. The issue of whether the proposed project is public and necessary is a judicial question, Art. 1, § 5, La. Constitution, and is to be determined by state and not federal law in these cases. The Natural Gas Act, of course, is applicable to the interstate transportation and sale of natural gas, but that Act, we reiterate, does not require a certificate of public convenience and necessity for expropriation under state law.
Expropriation statutes are in derogation of the common right to own property and are to be construed strictly against the expropriator and liberally for the property owner. Hargrave, supra, p. 17; Texas Gas Transmission Corporation v. Soileau, 251 So.2d 104 (La.App.3d Cir. 1971). The mandate of strict construction, however, does not permit a court to add further restrictive conditions to those which are imposed constitutionally or legislatively. We do not find that it is clearly within the design of the law and certainly it is not expressly stated in any statute that restrictions other than those of legislative creation are to be placed upon the grant of the power to expropriate. See Gamburg v. City of Alexandria, 85 So.2d 276 (La.App.2d Cir. 1956); Gold & Suckle, Inc. v. Suckle, 335 So.2d 713 (La.App.2d Cir. 1976).
Where the law authorizes expropriation under specified conditions, courts should not add to those conditions. We find no Louisiana statute requiring that an expropriator have an FERC certificate of public convenience and necessity for expropriation and we shall not impose such a requirement. The FERC certificate relating to operation of an interstate facility is some evidence that the public and necessary requirement of state law has been fulfilled, but it is not the sole and exclusive evidence. Robinson, supra; Soileau, supra.
The law requires an expropriator such as plaintiff to show that the public and necessary requirement of the expropriation as a condition of exercise of the power. The spirit and obvious design of these provisions of the law contemplate a full disclosure of details how, when, and in what ways the expropriation will serve a public necessity. Where these details are disclosed and do not suggest any deception or illegal motives, we see no reason to prohibit expropriation of property because the eventual facility which will serve the public will not be solely owned by the expropriator. Where the law itself does not impose such a restriction on the power, we shall not impose the restriction. Circumstances may arise where intricate dealings and conveyances between corporations which have the power to expropriate will defeat the ostensible public and necessary purpose, but these circumstances are not present here. The question of the *531 right of a particular plaintiff to expropriate under particular circumstances, can be resolved in the light of the public and necessary requirement and of the other conditions, and on a case by case basis.
We hold then that this plaintiff may not be denied the power of expropriation simply because it does not have an FERC certificate of public convenience and necessity or because in the implementation of the public and necessary purpose for the expropriation, plaintiff will eventually convey a part of the expropriated rights to another interstate pipeline company to facilitate the cost of construction and the fulfillment of the public purpose.
Since we have ruled on the substantive issue of plaintiff's right to expropriate we need not consider whether all appellees in these nine cases have timely and properly raised this issue in the trial court.
The judgment appealed from dismissing plaintiff's demand in each case is reversed at the cost of appellees and each case is remanded to the trial court for further proceeding.
REVERSED and REMANDED.
NOTES
[1] These included exceptions of prematurity, improper cumulation, misjoinder or non-joinder, as well as no cause exceptions which were directed at plaintiff's failure to formally expropriate the oil and gas in place.
[2] LRS 19:6 and 7 require that a defendant in expropriation who fails to file an answer within 15 days after service shall be considered as waiving all defenses except for compensation as to the property and for damages.
[3] CCP requires that a plaintiff have a real and actual interest in the action which he asserts. The non-joinder of indispensable party or the failure of plaintiff to state a cause of action or a right or interest to institute the suit, may be noticed by either the trial court or by the appellate court of its own motion. CCP 927. See also CCP 928.

It has been said that the capacity of a plaintiff to expropriate may be challenged at any stage of the proceeding. City of Gretna v. Mitchell, 64 So.2d 873 (La.App.Orl.1953).
Plaintiff has more than some actual interest in seeking the expropriation. See Scott v. Ware, 160 So.2d 237 (La.App.2d Cir. 1964). As discussed infra in this opinion, we view the issue of plaintiff's interest or capacity as an adjunct of plaintiff's showing the constitutionally required public and necessary purpose of the expropriation by the plaintiff. Art. 1, § 4, La. Constitution.