HERBERT A. CADE, Judge Pro Tem.
In 1942 Eugene Franz acquired a rectangular portion of ground fronting the New Orleans Chef Menteur Highway for 200 feet on the north, bounded 525 feet to the south by Old Gentilly Road, on the east by France Road, and on the west by the Hopkins Plantation line. A survey drawn in 1953 notes that an 18 foot strip running the entire width along Chef Menteur Highway was to be dedicated to the City of New Orleans for street purposes. Although this strip was never dedicated, the highway was widened into Franz’s property sometime between 1953 and 1957.
In November of 1982 Franz learned of the state’s plan to elevate the Chef Ment-eur Highway, to construct an access road across his property parallel to it, and to expropriate what land it needed for the access road. Negotiations were unsuccessful; in February of 1983 Franz donated the land designated for the access road to a charitable organization, from which it was subsequently expropriated.
March 9, 1984, the present suit was filed. Franz sought consequential damages to the remainder of the parent tract, south of the access road, attributable to elevation of the highway. At some point he learned that the 18 by 200 foot strip of his land lay north of the access road, useless, and partially under the highway. July 23, 1985 he amended his petition, seeking compensation for this land also.
Judgment was rendered denying Franz consequential damages for the land south of the access road, and awarding him $43,-172.00 for the 18 by 200 foot strip. The state appeals, arguing that the strip is worth only $4,710.00, and has filed in this Court peremptory exceptions based on the two and three year prescriptive periods, respectively, of R.S. 19:2.1 and 48:220.1. Franz cross appeals, asking that consequential damages be awarded.
The exceptions of prescription are overruled. R.S. 19:14 and the doctrine of St. Julien are inapplicable absent a “good faith” belief of authority to take possession of property and “the consent or acquiescence” of the property owner to those actions. R.S. 19:14; see also Cancienne v. Lafourche Parish Police Jury, 423 So.2d 662 (La.App. 1st Cir.1982). On this record we find no evidence of either. Franz testified without contradiction of any kind that he was never asked to dedicate the 18 by 200 foot strip, and that until 1983 he was unaware the highway had been widened or had encroached upon his property. And while we do not suppose the works were *548 done in bad faith, neither will we infer good faith from a record, devoid as this one is, of any basis for that inference. Predicate facts are simply not established to support the plea.
R.S. 48:220.1 is also inapplicable. Assuming this statute might otherwise apply where there is not so much as a declaration or informal dedication, retroactive application is not permitted. See State Department of Transportation and Development v. Richardson, 453 So.2d 572, 576 n. 3 (La.App. 1st Cir.1984), citing State, Department of Highways v. Traina, 347 So.2d 55, 57 (La.App. 2nd Cir.1977.)
As to the state’s contention that the 18 by 200 foot strip was overvalued, and Franz’s contention that failure to award consequential damages to the parent tract was erroneous, we are not inclined to agree. To be sure there is expert testimony supporting the state’s valuation of the strip, as is there expert testimony suggesting loss of view and ready access to the parent tract as a consequence of the highway’s elevation; and there is, in each respect, expert testimony to the contrary. Evaluation of conflicting expert testimony in such cases is within the province of the trial court, however, and is not to be disturbed absent manifest error. See State Department of Transportation and Development v. Winn, 463 So.2d 648 (La.App. 4th Cir.1984); United Gas Pipe Line Co. v. Becnel, 417 So.2d 1198 (La.App. 4th Cir.1982). We are unable to conclude that in accepting Franz’s expert’s appraisal of the strip, or in determining, consistent with the state’s expert's testimony, that elevation of the highway did not damage the parent tract, the trial court was manifestly wrong.
The judgment is in all respects affirmed.
AFFIRMED.
WILLIAMS, J., dissents with reasons.