CIACCIO, Judge.
In this expropriation case the only issue at trial was the compensation for the land taken. Plaintiff appeals, arguing that the trial judge’s incorrect valuation method resulted in an excessive compensation for the land taken. We affirm.
Plaintiff, a private corporation with statutory authority to expropriate, see La.R.S. 19:2, sought a pipeline right-of-way across defendant’s land. The parties resolved all issues regarding the planned expropriation except the issue of compensation. After trial the court awarded compensation based primarily upon consideration of “compara-bles” of other pipeline rights-of-way. The judge valued the right-of-way at $115 per rod.
On appeal, plaintiff argues that rather than sales of comparable pipeline rights-of-way the court should have used comparable land sales. Plaintiff also argues that the pipeline rights-of-way offered by defendant as comparable were incompetent evidence because the purchaser was not a “willing buyer” and may have been forced to pay above-market rates because it lacked the power to expropriate. And, plaintiff argues that the valuation should be per acre rather than per rod.
Expropriation statutes are in derogation of the common right to own property and are to be construed strictly against the expropriator and liberally for the property owner. Southern Natural Gas Co. v. Poland, 384 So.2d 528 (La.App. 2d Cir.1980), writ denied, 386 So.2d 363 (La.1980), appeal after remand, 406 So.2d 657 (La.App. 2d Cir.1981), writ denied, 412 So.2d 86 (La.1982), cert. denied, Sutton v. Southern Natural Gas Co., 459 U.S. 833, 103 S.Ct. 75, 74 L.Ed.2d 73 (1982). In expropriation cases, the most reliable and approved method for determining the fair market value of the property taken is to consider comparable sales, adjusting them to compensate for their relative bad and good features with regard to the expropriated property. State Department of Transportation and Development v. Winn, 463 So.2d 648, 651 (La.App. 4th Cir.1984); State Department of Highways v. Romano, 343 So.2d 222 (La.App. 1st Cir.1977). Although the study of comparables is the primary tool of analysis, all of the tools of evaluation, including the determination of highest and best use, the study of comparables, cost of structure and depreciation studies, and income analysis, are only means to fixing just and adequate compensation; no one of the tools is an end in itself. If there is a priority attached to the study of comparables, it exists only because, in most cases, that approach is most likely to produce accurate results, insuring just and adequate compensation. When, however, the study of com-parables does not, as a matter of fact, serve best to ensure an accurate evaluation, the prime consideration of just and adequate compensation requires that courts be free to use any other method better suited to a correct assessment of value. State, Department of Highways v. Crow, 286 So.2d 353, 356 (La.1973). The determination of what amount will compensate the owner of a property right to the full extent of his loss because of expropriation of his right must be made on the basis of the facts of each case and in accord with the uniqueness of the thing taken. State, Department of Transportation and Development v. Pipes, 489 So.2d 293, 295 (La.App. 4th Cir.1986), writ denied, 492 So.2d 1219 (La.1986); Winn, above, 463 So.2d at 651; Southern Natural Gas Co. v. Poland, 406 So.2d 657 (La.App. 2d Cir.1981), writ denied, 412 So.2d 86 (La.1982), cert. denied, Sutton v. Southern Natural Gas Co., 459 U.S. 833, 103 S.Ct. 75, 74 L.Ed.2d 73 (1982). Evaluations of and the weight given to expert testimony is within the province of the trial judge. Franz v. State, Department of Transportation and Development, 521 So.2d 546, 548 (La.App. 4th Cir.1988), writ denied, 522 So.2d 571 (La.1988); United Gas Pipe Line Co. v. Becnel, 417 So.2d 1198, 1201-1202 (La.App. 4th Cir.1982), writ denied, 421 So.2d 1124 (La.1982). Such determinations as well as the factual finding of just and adequate compensation will not be upset unless clearly wrong. Franz, above; Pipes, *707 above; Winn, above; United Gas Pipe Line v. Becnel, above.
We are not persuaded by plaintiff’s argument that when attempting to value a pipeline right-of-way the court should not use evidence of the amounts paid for other pipeline rights-of-way. Nor are we persuaded that the evidence becomes incompetent because the buyer may not have had the power to expropriate. The trial judge determines what weight to be given that evidence, considering the relationship between buyer and seller in the offered “com-parables” and the comparative relationship between buyer and seller in the case before the court, and considering the differences between the pipeline right-of-way expropriated and the pipeline rights-of-way offered as “comparables.”
We are also not persuaded that the valuation should be made per acre and not per rod. Plaintiff has expropriated a strip of land 30 feet wide and 18,353.8 feet long. This strip of land will not be used in any per acre configuration, and any useful per acre configuration is unimagineable. Plaintiffs pre-trial offers were per rod; evidence established that pipeline rights-of-way are valued per rod; the expert evaluations presented at trial were per rod. We find no error in setting the compensation per rod.
At trial a variety of experts testified, valuing the property taken from a low of $18 per rod to a high of $130 per rod. Prior to filing its petition plaintiff offered defendant $70 per rod. Prior to trial plaintiff offered defendant $100 per rod. The record as a whole supports the trial judge’s valuation of $115 per rod, and certainly that valuation is not clearly wrong.
The trial judge also fixed severance damages at $10,000. Severance damages are calculated as the difference between the market value of the remaining property immediately before and immediately after the taking. Although the burden of proving severance damages rests on the landowner, who must prove such damages with legal certainty by a preponderance of the evidence, there is no fixed or artificial formula by which these damages must be proved. If accepted by the trier of fact, the informed and reasoned opinion of an expert, corroborated by the facts in the record, may be sufficient proof of severance damage. United Gas Pipe Line Co. v. Becnel, above, 417 So.2d at 1203.
The trial judge considered the effect of the pipeline on future development of defendant’s property. He considered the interference the pipeline will have on defendant’s access to a nearby public highway and any improvements to defendant’s property to facilitate marine, commercial and industrial uses. The trial testimony of the experts supports the trial judge’s award for severance damages; it is not clearly wrong.
Plaintiff’s final complaints on appeal concern the award to defendant of attorney fees, see La.R.S. 19:8, and the taxing of costs to plaintiff, see La.R.S. 19:12. Plaintiff’s argument is premised upon this court lowering the compensation awarded. Because we have not disturbed that award, plaintiff’s complaint is without merit.
For the reasons assigned, we affirm the judgment of the district court. Plaintiff shall pay all costs.

AFFIRMED.