283 So.2d 813 (1973)
Jimmy D. WARE, Plaintiff-Appellee,
v.
Robert Lee WILSON et al., Defendants-Appellants.
No. 12128.
Court of Appeal of Louisiana, Second Circuit.
September 11, 1973.
Rehearing Denied October 10, 1973.
Writ Refused November 16, 1973.
*814 Kidd & Katz by Paul Henry Kidd, Monroe, for defendants-appellants.
Love, Rigby, Dehan & Love by Samuel P. Love, Sr., Shreveport, for plaintiff-appellee.
Before AYRES, BOLIN and HALL, JJ.
En Banc Rehearing Denied October 10, 1973.
BOLIN, Judge.
Judgment was rendered in favor of Jimmy D. Ware against Charleszetta Wilson and Robert Lee Wilson for $380 and against Charleszetta Wilson alone for $1,010, and defendants appeal suspensively. In this court plaintiff filed a motion to dismiss the appeal as not being timely perfected, to which motion defendants filed a response opposing dismissal. Defendants have also filed in this court exceptions of no right of action and no cause of action. We overrule the motion to dismiss, find the exceptions were not timely filed, and affirm the judgment of the lower court.
Plaintiff, alleging himself to be the owner of a house and lot in the City of Shreveport, together with numerous items of furniture and other movable articles located in the house, sued defendants for breaking and entering the building and converting some of the items in the house to their own personal use.
Defendants filed a motion of lis pendens claiming the same cause of action is presently pending in the same court between Charleszetta Wilson [Ware] and Jimmy D. Ware, wherein the ownership of property belonging to the former community of acquets and gains existing between the parties is the sole issue. The exception of lis pendens was overruled and a formal judgment to that effect was signed and filed.
Defendants next filed an answer in the form of a general denial and defendant Charleszetta Wilson reconvened, seeking judgment against plaintiff for $5,440, alleging Jimmy D. Ware had converted property to his own use of which one-half was owned in indivision by Charleszetta Wilson since there had been no community property settlement.
Following an answer to the reconventional demand, the case was tried on its merits.
In addition to plaintiff and defendants, several witnesses testified. It was uncontradicted that the house and lot were the separate property of plaintiff, having been purchased subsequent to the legal separation of plaintiff and Charleszetta Wilson *815 in April, 1970. It is also uncontradicted these parties were granted a final divorce in February of 1972. Plaintiff attempted to show that all of the furniture and fixtures located in the house were also his separate property. The extent and nature of the damages done to the house by the unauthorized entry of the defendants was contested and the evidence on this point was conflicting.
Following trial the trial judge assigned written reasons for his findings, which reasons were dated and filed November 17, 1972. On November 27, 1972, judgment was signed and filed. This judgment was obviously in error as it cast Charleszetta Wilson and Robert Lee Wilson for $1,490 rather than apportioning the liability between the defendants as reflected in the written opinion. The record shows that on February 5, 1973, this error was corrected by an amended judgment.
Defendants filed an application for a new trial, alleging the judgment of November 27, 1972 was contrary to the law and the evidence. The trial judge signed an order for plaintiff to show cause on February 5, 1972 [1973] why the judgment rendered on November 27, 1972 should not be set aside. The minutes of court reflect that on February 5, 1973, "On agreement of counsel the Motion for a New Trial is overruled. Judgment read, signed and filed in Open Court."
So that we might dispose of the questions that are presented on this appeal we shall list, discuss, and dispose of each issue as we appreciate it.

MOTION TO DISMISS
The following articles of the Louisiana Code of Civil Procedure provide for the delay for taking a suspensive appeal:
Article 2123:
"Except as otherwise provided by law, an appeal which suspends the effect or the execution of an appealable order or judgment may be taken, and the security therefor furnished, only within fifteen days of:
(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely;
(2) The court's refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; or
(3) The date of the mailing of notice of the court's refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914."
Article 1974:
"The delay for applying for a new trial shall be three days, exclusive of holidays. This delay commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913."
There is nothing in the record to indicate that defendants applied for a new trial from the amended judgment of February 5, 1973. The only application for a new trial related to the judgment of November 27, 1972. We find under the plain language of Louisiana Code of Civil Procedure Articles 1974 and 2123(1), the fifteen-day delay for perfecting a suspensive appeal did not begin to run until three days after February 5, 1973. The appeal having been perfected on February 22, 1973, was timely and the motion to dismiss is without merit.

EXCEPTIONS OF NO CAUSE AND NO RIGHT OF ACTION
The exceptions of no cause and no right of action are classified as peremptory exceptions (La. C.C.P. Art. 927) and may be pleaded at any time in the lower court prior to the submission of the case for decision (La. C.C.P. Art. 928). A peremptory exception may also be filed for the first *816 time in an appellate court subject to Louisiana Code of Civil Procedure Article 2163:
"The appellate court may consider the peremptory exception filed for the first time in that court, if pleaded prior to a submission of the case for a decision, and if proof of the ground of the exception appears of record.
"If the ground for the peremptory exception pleaded in the appellate court is prescription, the plaintiff may demand that the case be demanded to the trial court for trial of the exception." (Emphasis supplied)
Louisiana Code of Practice Article 902 is the source for Code of Civil Procedure Article 2163. The Official Revision Comment under Article 2163 states:
"This article makes no change in the law, and is merely declaratory of the jurisprudence interpreting its source provision...."
The above comment merits discussion. An examination of Code of Practice Article 902 reveals it contains no time limit for filing the peremptory exception before the Supreme Court; whereas under Code of Civil Procedure Article 2163 the discretion to consider the exception in the appellate court is granted only "if pleaded prior to a submission of the case for a decision".
In Carney v. Hartford Accident & Indemnity Co. (La.App. 1st Cir. 1970; rehearing 1971), 250 So.2d 776, it was held that the peremptory exception (res judicata) filed for the first time in the Court of Appeal subsequent to the submission of the case, was untimely and was not considered. The case before us was submitted on June 28, 1973 and the peremptory exceptions were filed on July 13, 1973. As the exceptions were not timely filed, they will not be considered by this court.

EXCEPTION OF LIS PENDENS
Since the formal judgment overruling the exception of lis pendens is a part of this record, it is properly before us for review even though the judgment is an interlocutory decree. Industrial Loan & Investment Co. v. Price (La.App. 2d Cir. 1947), 31 So.2d 881.
Defendants' answer and reconventional demand, which was not pleaded in the alternative, sought the same type of relief which is made the basis of the exception of lis pendens. Under these circumstances it would be inconsistent for defendants to reurge the exception of lis pendens on appeal. However, there is a stronger reason for considering the exception of lis pendens as having been abandoned. Defendants have not filed a brief in this court in support of their appeal, the only appearance being the filing of a pleading opposing plaintiff's motion to dismiss and the untimely filing of the exceptions of no cause and no right of action. Since defendants have not urged the consideration of the exception of lis pendens before this court, we find the exception has been abandoned. See Swope v. McCurry, 161 La. 607, 109 So. 83 (1926); also Crow v. Southern Natural Gas Co. (La.App. 2d Cir. 1968), 210 So.2d 596, 601 and cases cited.

MERITS
The matters in dispute were largely questions of fact, i. e., whether a forcible trespass had been committed by defendants; whether one or both of the defendants illegally converted property and, if so, whether the property was community or separate in nature; and, finally, the question of quantum.
The trial judge did an excellant job in ferreting out the true facts as reflected in his reasons for judgment:
"The evidence establishes that when plaintiff, Jimmy D. Ware, and defendant, Charles Zetta Wilson, separated their community estate was deeply in debt. Both parties claim that they have individually paid many debts of the community, *817 but, for the most part, the actual proof of payment is inconclusive.
"In the opinion of the Court, the following facts only have been proven by a preponderance of the evidence:
1. The defendant, Charles Zetta Wilson and Robert Lee Wilson did break into plaintiff's house in Shreveport and did inflict property damage totalling $380.00.
2. The defendant Charles Zetta Wilson did convert the property itemized in paragraph [4] of plaintiff's petition to her own use. All of this property, except the watch and the stereo tape player belonged to the community. The stereo tape player and the watch were separate property of plaintiff.
3. The value of the community property converted by the defendant Charles Zetta Wilson, which both parties claim to be the amount of its cost or $2,280.58, when taking into consideration the fact of its depreciation, is determined to be $1,750.00.
4. The value of the watch and stereo tape player, considering the fact that some depreciation should be allowed, is determined to be $135.00.
5. The plaintiff converted a used automobile and a pool table to his own use and the defendant Charles Zetta Wilson converted an air-conditioner to her own use, but the values of these properties are such that one conversion offsets the other.
"Based on these findings, it is the opinion of the Court that the plaintiff Jimmy D. Ware is entitled to a judgment against the defendant Charles Zetta Wilson and Robert Lee Wilson in the amount of $380.00 for the damage to his house, and that he is entitled further to a judgment against Charles Zetta Wilson, individually, in the amount of $1,010.00 for the conversion of the property above described, together with interest from judicial demand and all costs."
Since we are in full accord with the reasons of the trial court, and for the additional reasons set forth in this opinion, the judgment appealed from is affirmed at appellants' cost.