ROGERS, Judge.
MOTION TO DISMISS
The plaintiff-appellee, Mason Quinney, Jr., moves to dismiss the suspensive appeal of the defendant-appellant, Maryland Casualty Company, on grounds that the defendant’s appeal was not timely perfected. The motion is opposed.
This is a suit for workman’s compensation benefits. A formal judgment was signed and rendered in this matter on January 3, 1977, awarding the plaintiff workman’s compensation benefits, and hospital and medical expenses. On January 6, 1977, the defendant filed a motion for a new trial. In its Motion For a New Trial, the defendant argued that it had been improperly assessed in this suit with cost incurred *1187 in a companion suit, Mason Quinney, Jr. v. United States Fidelity & Guaranty Insurance Company, a tort suit, in which judgment had been rendered in favor of the defendant, United States Fidelity & Guaranty Insurance Company. On January 17, 1977, defendant’s motion for a new trial was heard, and the trial court granted the motion, insofar as the costs issue was concerned, and amended its judgment of January 3,1977, reassessing the cost, but holding that “in all other respects, the defendant’s motion for a new trial be and the same is hereby denied”. A formal “Judgment on Motion for a New Trial” was signed and rendered on January 24, 1977.
On January 24, 1977, the defendant moved for and was granted, a suspensive appeal, however, the defendant did not post its appeal bond, and therefore perfect its appeal, until February 25, 1977, some 32 days after the rendition of the “Judgment on Motion for a New Trial” was signed.
In his motion to dismiss, the plaintiff-ap-pellee argues that since the defendant-appellant’s suspensive appeal was not perfected until some 32 days after the court’s judgment on the motion for a new trial, the defendant-appellant’s suspensive appeal must be dismissed.
In its Opposition to the plaintiff’s motion, the defendant argues that since the court rendered an amended judgment, it had under LSA-C.C.P. art. 2123(1) 30 days from the expiration of the delay for applying for a new trial, as provided by LSA-C.C.P. art. 1974, from the amended judgment, in which to perfect his appeal. We agree.
An identical situation was presented to our brethren in the Second Circuit in Ware v. Wilson, 283 So.2d 813 (La.App. 2nd Cir. 1973), and there the court held that under the plain language of LSA-C.C.P. art. 1974 and 2123(1), the 15 day delay (which has now been changed to 30) in which to perfect a suspensive appeal did not begin to run until the expiration of the 7 clear day delay provided for applying for a new trial from an amended judgment rendered, as here, as a result of the defendant’s motion for a new trial. We note that the Supreme Court denied writs in the Ware case, supra, 284 So.2d 774, with the notation “Writ Denied. The judgment is correct”.
In accordance with the Ware decision, the defendant here had, under LSA-C.C.P. art. 1974 and 2123(1), 30 days from February 2, 1977, which is 7 clear days from the amended judgment of January 24, 1977, or until March 4, 1977, in which to perfect its suspensive appeal. The defendant’s appeal, perfected on February 25, 1977, was thus timely.
For the reasons above assigned, the motion of the plaintiff-appellee to dismiss the suspensive appeal of the defendant-appellant is hereby denied.
MOTION DENIED.