KANSAS PIPELINE COMPANY, as Successor in Interest to Kansas Natural, Inc., Plaintiff,

v.

A 200 FOOT BY 250 FOOT PIECE OF LAND, LOCATED IN SECTION 6, SOUTHWEST QUARTER, TOWNSHIP 32 SOUTH, RANGE 10 WEST, COUNTY OF BARBER, STATE OF KANSAS,

and

Herbert F. Landwehr and Vonda Landwehr, Defendants.

Civil Action No. 01–2026–GTV.

United States District Court, D. Kansas.

July 15, 2002.

John M. Edgar, Robert J. Hoffman, Humphrey, Farrington, McClain & Edgar, Kansas City, MO, for Kansas Pipeline Co.

Alan C. Goering, Goering and Slinkard, Medicine Lodge, KS, for Herbert F. Landwehr, Vonda Landwehr.

## MEMORANDUM AND ORDER

VanBEBBER, Senior District Judge.

This eminent domain action arises out of a lease agreement between Plaintiff Kansas Pipeline Company ("KPC") and Defendants Herbert and Vonda Landwehr. KPC and its predecessors have leased a parcel of property from the Landwehrs since 1989 and used the property for various functions related to the operation of a natural gas pipeline system. The Landwehrs terminated the lease, and KPC brought this eminent domain action. KPC asks the court to find that it has eminent domain power to condemn the property and acquire it at its fair market value. The Landwehrs have brought counterclaims for trespass and damage to the property.

The case is before the court on the Landwehrs' motion for partial summary judgment (Doc. 24) and KPC's motion for summary judgment (Doc. 27). For the reasons stated below, the court denies the Landwehrs' motion and grants KPC's motion.

## I. FACTUAL BACKGROUND

The following facts are taken from the summary judgment record and are either uncontroverted or viewed in the light most favorable to the non-moving party's case. Immaterial facts and facts not properly supported by the record are omitted.

KPC and its predecessors have leased a parcel of land from the Landwehrs on a year-to-year basis since 1989. KPC is an interstate natural gas pipeline company and maintains two dehydration units on the Landwehrs' property. KPC's pipeline runs adjacent to the property and feeds into the two dehydrators through smaller pipelines embedded in the property.

KPC operates pursuant to a certificate of public convenience and necessity issued by the Federal Energy Regulatory Commission ("FERC") on October 3, 1997. The certificate authorizes operation and maintenance of the natural gas pipeline system as it existed at the time of issuance. The equipment located on the Landwehrs' parcel of land was part of KPC's pipeline system at the time FERC issued the certificate. Before issuing the certificate, FERC was required under the Natural Gas Act ("NGA") to find that, among other things, KPC's natural gas service and operation "is or will be required by the present or future public convenience and necessity." 15 U.S.C. § 717f(e).

KPC timely renewed its lease with the Landwehrs every year until December 2000. Apparently through inadvertence, KPC failed to advise the Landwehrs in a timely manner that it intended to renew the lease. On December 19, 2000, the Landwehrs' attorney notified KPC that the lease was terminated. In an order filed February 6, 2002, this court held that the notification of termination was effective and the lease was terminated on December 19, 2000.

On December 21, 2000, KPC's attorney advised the Landwehrs that KPC intended to renew the lease, and tendered a check in the amount of $900.00, the amount due under the lease. The Landwehrs' attorney

replied the following day, rejecting the check on behalf of the Landwehrs. KPC offered to purchase the property, but the Landwehrs rejected the offer. KPC filed the instant lawsuit on January 16, 2001, seeking to take the property under the power of eminent domain.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c). Lack of a genuine issue of material fact means that the evidence is such that no reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Essentially, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52, 106 S.Ct. 2505.

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. This burden may be met by showing that there is a lack of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to show that there is a genuine issue of material fact left for trial. *Anderson*, 477 U.S. at 256, 106 S.Ct. 2505. "[A] party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Id.* Therefore, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Id.* The court must consider the record in the light most favorable to the nonmoving party. *Bee v. Greaves*, 744 F.2d 1387, 1396 (10th Cir.1984).

## III. DISCUSSION

### A. Eminent Domain

KPC claims that, as a holder of a certificate of public convenience and necessity issued by FERC, it has eminent domain power under the NGA to take the Landwehrs' property. 15 U.S.C. § 717f(h) grants the holder of a certificate of public convenience and necessity the right to acquire necessary property by eminent domain when it cannot acquire such property by contract or is unable to agree with the owner of the property on an amount of compensation. The Landwehrs respond that KPC is not entitled to condemn their property because it is not "necessary" property under 15 U.S.C. § 717f(h). Alternatively, the Landwehrs argue that KPC may not condemn the land because KPC never negotiated in good faith to acquire the land by contract. The court concludes that it has no jurisdiction to review whether the property is necessary property and that a showing of good faith negotiation is not required under the NGA. For these reasons, the court grants KPC's motion for summary judgment.

■ The court first must address its jurisdiction to review whether the Landwehrs' property is necessary property under 15 U.S.C. § 717f(h). The Landwehrs devote most of their memorandum opposing KPC's summary judgment motion to explaining why their land is not necessary for KPC's natural gas service. The problem with this line of argument is that FERC has already certified that the Landwehrs' land is necessary. The Landwehrs'

challenge of FERC's finding is essentially a collateral attack on the FERC certificate. The court does not have jurisdiction to review a collateral attack on the FERC certificate. *Williams Natural Gas Co. v. City of Okla. City,* 890 F.2d 255, 262 (10th Cir.1989); see also *Tenn. Gas Pipeline Co. v. Mass. Bay Transp. Auth.,* 2 F.Supp.2d 106, 110 (D.Mass.1998).

In *Williams Natural Gas Co.,* the Tenth Circuit held that a federal district court's sole function in an eminent domain proceeding under the NGA is to order condemnation in accordance with a FERC certificate. 890 F.2d at 264; see also *Tenn. Gas Pipeline Co.,* 2 F.Supp.2d at 110 (citing *Tenn. Gas Pipeline Co. v. 104 Acres of Land,* 749 F.Supp. 427, 430 (D.R.I.1990)) ("The District Court's sole charge and authority is to evaluate the scope of the FERC Certificate, and order the condemnation of property in accordance with that scope."). The district court lacks jurisdiction to review the validity and/or conditions of a FERC certificate. *Williams Natural Gas Co.,* 890 F.2d at 262. Review of FERC certificates is within the exclusive jurisdiction of federal courts of appeals. *Id.* at 261. "[T]he eminent domain authority granted the district courts under § 7(h) of the NGA, 15 U.S.C. § 717f(h), does not provide challengers with an additional forum to attack the substance and validity of a FERC order. The district court's function under the statute is not appellate but, rather, to provide for enforcement." *Id.* at 264. Once the holder of a FERC certificate of public convenience and necessity asks a district court to enforce its right to condemn, the findings in the FERC certificate are treated as conclusive.

The court's research has disclosed only one instance in which a federal district court did not treat a FERC certificate as conclusive on the issue of the right to condemn property. See *Transcontinental Gas Pipe Line Corp. v. 118 Acres of Land,* 745 F.Supp. 366 (E.D.La.1990). In *Transcontinental Gas Pipe Line Corp.,* the district court relied on a Louisiana state court case, *Tenneco, Inc. v. Harold Stream Investment Trust,* 394 So.2d 744 (La.Ct.App. 1981), to support the position that it could review the substance and validity of the FERC certificate. 745 F.Supp. at 370. The court in *Tenneco,* however, was not applying federal law. It was applying the requirements of Louisiana state law. *Tenneco,* 394 So.2d at 746. The *Tenneco* court specifically stated, "Pursuant to Article 1, Section 4 of the Louisiana Constitution of 1974, expropriation may not occur except for a public and necessary purpose and with just compensation to the owner. The expropriating authority bears the burden of proving that the taking serves a public and necessary purpose." *Id.* Under Louisiana law, the *Tenneco* court held that "[t]he filing of a Certificate of Public Convenience and Necessity in an expropriation proceeding is not conclusive on the issue of the right to expropriate the property in question." *Id.* at 748 (citing *Tex. Gas Transmission Corp. v. Soileau,* 251 So.2d 104 (La.Ct.App.1971)).

This court finds no support in *Tenneco* for the proposition that under federal law, a federal district court may reexamine the issue of necessity in an eminent domain proceeding. Cf. *USG Pipeline Co. v. 1.74 Acres in Marion County, Tenn.,* 1 F.Supp.2d 816, 820 (E.D.Tenn.1998) ("[I]t is clear Tenneco provides no support for the proposition a plaintiff possessing a FERC Certificate granting the power of eminent domain must prove to a federal district court the exercise of eminent domain would be in the public interest."). In this case, FERC certified that the Landwehrs' property was necessary to KPC's pipeline system. This court cannot and will not revisit the issue.

The Landwehrs also argue—albeit fleetingly—that KPC should be denied summary judgment because it failed to negotiate in good faith to acquire the land. The Landwehrs cite no case law in support of this position. The uncontroverted evidence in this case is that KPC offered to renew the lease agreement and/or purchase the property. The Landwehrs rejected both offers.

■ The court, in its own research, found that some federal district courts have imposed a good faith negotiation requirement. See, e.g., *USG Pipeline Co.*, 1 F.Supp.2d at 822 (citations omitted) ("Courts have imposed a requirement that the holder of the FERC Certificate negotiate in good faith with the owners to acquire the property."); *Transcon. Gas Pipe Line Corp.*, 745 F.Supp. at 369 ("In addition to satisfying the requirements of § 717f(h), federal law requires the condemnor to have conducted good faith negotiations with the landowners in order to acquire the property ...."); see also *Kern River Gas Transmission Co. v. Clark County, Nev.*, 757 F.Supp. 1110, 1113–14 (D.Nev.1990). These courts gave no explanation why they adopted such a requirement. None of them refused to authorize condemnation because a holder of a FERC certificate failed to negotiate in good faith before seeking condemnation.

The plain language of the NGA does not impose an obligation on a holder of a FERC certificate to negotiate in good faith before acquiring land by exercise of eminent domain:

When any holder of a certificate of public convenience and necessity cannot acquire by contract, or is unable to agree with the owner of property to the compensation to be paid for, the necessary right-of-way to construct, operate, and maintain a pipe line or pipe lines for the transportation of natural gas, and the necessary land or other property, in ad-

dition to right-of-way, for the location of compressor stations, pressure apparatus, or other stations or equipment necessary to the proper operation of such pipe line or pipe lines, it may acquire the same by the exercise of the right of eminent domain in the district court of the United States for the district in which such property may be located, or in the State courts.

15 U.S.C. § 717f(h). The statute only requires that the party seeking to condemn be unable to acquire the property by contract or unable to agree on compensation to be paid for the property. The court declines to demand more than the statute requires by its terms.

Such a holding is consistent with the Supreme Court's decision in *National Railroad Passenger Corp. v. Boston and Maine Corp.*, 503 U.S. 407, 112 S.Ct. 1394, 118 L.Ed.2d 52 (1992). In National Railroad Passenger Corp., the Supreme Court was reviewing a decision of the Interstate Commerce Commission ("ICC"). 503 U.S. at 409–10, 112 S.Ct. 1394. Amtrak, a private corporation, asked the ICC to condemn railroad property for its passenger train service pursuant to 45 U.S.C. § 562(d). Id. at 413, 112 S.Ct. 1394. At the time, 45 U.S.C. § 562(d) provided:

"If ... [Amtrak] and a railroad are unable to agree upon terms for the sale to [Amtrak] of property ... owned by the railroad and required for intercity rail passenger service, [Amtrak] may apply to the [ICC] for an order ... requiring the conveyance thereof from the railroad to [Amtrak] on reasonable terms and conditions, including just compensation ...."

The ICC only required Amtrak to show that the parties were "unable to agree" on terms of sale before condemning the property. *Nat'l R.R. Passenger Corp.*, 503 U.S. at 423, 112 S.Ct. 1394. The ICC did

not require Amtrak to show that it engaged in good faith negotiations to buy the property before seeking condemnation. See *id.* In reviewing the ICC's decision, the Supreme Court held that such a requirement was "a reasonable interpretation of the phrase 'unable to agree upon terms for the sale.'" *Id.*

■ The uncontroverted evidence in this case is that KPC offered to renew the lease agreement with the Landwehrs and offered to purchase the property from the Landwehrs. The Landwehrs rejected both offers. This evidence is sufficient to satisfy the requirement that KPC be "unable to agree with the owner of property to the compensation to be paid for" the property. 15 U.S.C. § 717f(h). KPC has satisfied the statutory requirements for condemnation and is entitled to summary judgment on this issue. All that remains for trial is a determination of what constitutes just compensation for the taking.

**B. The Landwehrs' Counterclaims**

■ The Landwehrs have brought counterclaims for trespass and damage to their property. KPC asks the court to grant summary judgment on these claims based on the doctrine of federal preemption. The Landwehrs ask the court to grant summary judgment to them and order KPC off their land. The court grants KPC's motion and denies the Landwehrs' motion, but for reasons different than those stated in KPC's motion. See *Howell Petroleum Corp. v. Leben Oil Corp.*, 976 F.2d 614, 620 (10th Cir.1992) (citations omitted) ("[A] district court in appropriate circumstances may grant summary judgment on a ground not formally raised in a summary judgment motion."); *Wilder v. Prokop*, 846 F.2d 613, 626 (10th Cir.1988) ("[The district court] can grant summary judgment on grounds other than those raised in the motions before the court if the facts are fully developed showing entitlement of the nonmoving party to judg-

ment as a matter of law, and if the court is satisfied there is no procedural prejudice to the moving party.").

■ Fed.R.Civ.P. 71A governs the practices and procedures of federal eminent domain actions. *S. Natural Gas Co. v. Land, Cullman County,* 197 F.3d 1368, 1375 (11th Cir.1999); *Nat'l Fuel Gas Supply Corp. v. 138 Acres of Land,* 84 F.Supp.2d 405, 415 (W.D.N.Y.2000); *USG Pipeline Co.,* 1 F.Supp.2d at 827. But see *Portland Natural Gas Transmission Sys. v. 4.83 Acres of Land,* 26 F.Supp.2d 332, 335–36 (D.N.H.1998); *Algonquin Gas Transmission Co. v. 60 Acres of Land,* 855 F.Supp. 449, 453 (D.Mass.1994). Fed. R.Civ.P. 71A(e) instructs defendants how to answer a complaint seeking condemnation. A defendant may either serve a notice of appearance or serve an answer, but those are the only two options. Fed. R.Civ.P. 71A(e). The last sentence of section (e) states, "No other pleading or motion asserting any additional defense or objection shall be allowed." In other words, counterclaims are not permitted. *Wash. Metro. Area Transit Auth. v. Precision Small Engines,* 227 F.3d 224, 228 n. 2 (4th Cir.2000); 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 3048 (2d ed.1987). The Landwehrs must file their counterclaims in a separate action. For this reason, the Landwehrs' motion for summary judgment is denied and KPC's motion is granted. The Landwehrs' counterclaims are dismissed without prejudice.

IT IS, THEREFORE, BY THE COURT ORDERED that the Landwehrs' motion for partial summary judgment (Doc. 24) is denied.

IT IS FURTHER ORDERED that KPC's motion for summary judgment (Doc. 27) is granted.

IT IS FURTHER ORDERED that a scheduling conference to be conducted by telephone conference call which will be initiated by the court is set for July 19, 2002 at 1:30 p.m.

**IT IS SO ORDERED.**