# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 15-761 consolidated with 15-715

**GEORGE RAYMOND WILLIAMS, M.D., ORTHOPAEDIC SURGERY, APMLLC**

**VERSUS**

**BESTCOMP, INC., ET AL.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 09-C-5242-A
HONORABLE JAMES PAUL DOHERTY, JR., DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**ULYSSES GENE THIBODEAUX**
**CHIEF JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Shannon J. Gremillion, and Phyllis M. Keaty, Judges.

**AFFIRMED.**

Christine Lipsey
Jamie D. Seymour
McGlinchey, Stafford, PLLC
301 Main Street – 14th Floor
Baton Rouge, LA 70801
Telephone:  (225) 383-3683
COUNSEL FOR:
     Defendant/Appellee - Cigna Health Management, Inc.

John Stanton Bradford
Stockwell, Sievert, Viccellio, Clements & Shaddock, L.L.P.
P. O. Box 2900
Lake Charles, LA 70602
Telephone:  (337) 436-9491
COUNSEL FOR:
     Plaintiff/Appellee - George Raymond Williams, M.D.

**Stephen Barnett Murray**
**Murray Law Firm**
**650 Poydras Street Suite 2150**
**New Orleans, LA 70130**
**Telephone: (504) 525-8100**
**COUNSEL FOR:**
  **Plaintiff/Appellee - George Raymond Williams, M.D.**

**Maureen O'Connor Sullivan**
**Tabitha R. Durbin**
**Christie Noel**
**Lewis, Brisbois, Bisgaard**
**100 E. Vermilion - Suite 300**
**Lafayette, LA 70501**
**Telephone: (337) 326-5777**
**COUNSEL FOR:**
  **Defendants/Appellants - Illinois National Insurance Company and Westchester Surplus Lines Insurance Company**

**George Davidson Fagan**
**Margaret F. Swetman**
**Leake & Anderson, L.L.P.**
**1100 Poydras Street – Suite 1700**
**New Orleans, LA 70163**
**Telephone: (504) 585-7500**
**COUNSEL FOR:**
  **Defendant/Appellant - Chartis Specialty Insurance Co.**

**Thomas Allen Filo**
**Cox, Cox, Filo, Camel & Wilson, L.L.C.**
**723 Broad Street**
**Lake Charles, LA 70601**
**Telephone: (337) 436-6611**
**COUNSEL FOR:**
  **Plaintiff/Appellee - George Raymond Williams, M.D.**

**Marshall M. Redmon**
**Phelps, Dunbar**
**P. O. Box 4412**
**Baton Rouge, LA 70821-4412**
**Telephone: (225) 346-0285**
**COUNSEL FOR:**
  **Defendant/Appellee - Indian Harbor Insurance Company**

**Alex J. Peragine**
**Peragine & Lorio, LLC**
**527 E. Boston Street - Suite 201**
**Covington, LA 70433**
**Telephone: (985) 292-3500**
**COUNSEL FOR:**
    **Defendant/Appellee - Cannon Coichran Management Services, Inc.**

**James Monroe White, III**
**P. O. Box 3939**
**Covington, LA 70434**
**Telephone: (985) 778-7000**
**COUNSEL FOR:**
    **Defendant/Appellee - CCMSI Holdings, Inc.**

**Mark Christopher Carver**
**Angella H. Myers**
**The Myers Law Group**
**1100 Poydras Street – Suite 2520**
**New Orleans, LA 70163**
**Telephone: (504) 252-9877**
**COUNSEL FOR:**
    **Defendants/Appellees - Advantage Health Plans, Inc. and Joseph Bonsignore**

**Gerald Anthony Melchiode**
**Melchiode Marks King, LLC**
**639 Loyola Avenue – Suite 2550**
**New Orleans, LA 70113**
**Telephone: (504) 336-2880**
**COUNSEL FOR:**
    **Defendant/Appellee - Hammerman & Gainer, Inc.**

**Thomas Randolph Juneau**
**The Juneau Firm**
**P. O. Drawer 51268**
**Lafayette, LA 70505-1268**
**Telephone: (337) 269-0052**
**COUNSEL FOR:**
    **Appellee - Special Master**

**Gabriel Joseph Veninata**
**Hailey McNamara**
**P. O. Box 8288**
**Metairie, LA 70011**
**Telephone: (504) 836-6500**
**COUNSEL FOR:**
    **Defendant/Appellee - Stratacare, LLC**

**Carl Edward Hellmers**
**Frilot, LLC**
**1100 Poydras Street – Suite 3700**
**New Orleans, LA 70163**
**Telephone:  (504) 599-8000**
**COUNSEL FOR:**
    **Defendant/Appellant - Landmark American Insurance Company**

**Pablo Gonzalez**
**Phelps, Dunbar, LLP**
**365 Canal Street – Suite 2000**
**New Orleans, LA 70130-6534**
**Telephone:  (504) 566-1311**
**COUNSEL FOR:**
    **Defendant/Appellee - Beazley Insurance Company**

**Ryan M. Goudelocke**
**Durio, McGoffin, Stagg**
**P. O. Box 51308**
**Lafayette, LA 70505-1308**
**Telephone:  (337) 233-0300**
**COUNSEL FOR:**
    **Defendant/Appellee - Hammerman & Gainer, Inc.**

**Scott T. Winstead**
**Burleson, LLP**
**650 Poydras Street - Suite 2750**
**New Orleans, LA 70130**
**Telephone:  (504) 526-4350**
**COUNSEL FOR:**
    **Defendant/Appellee - Rehab Review, Inc.**

**Elizabeth A. Hunt**
**Preis & Roy**
**P. O. Drawer 94-C**
**Lafayette, LA 70509**
**Telephone:  (337) 237-6062**
**COUNSEL FOR:**
    **Defendant/Appellee - Bestcomp, Inc.**

**Joseph P. Landreneau**
**Gold, Weems**
**P. O. Box 6118**
**Alexandria, LA 71307-6118**
**Telephone:  (318) 445-6471**
**COUNSEL FOR:**
    **Defendants/Appellees - Dauterive, Women's and Children's Hospital and LRPHO**

**David Charles Bach**
**4871 Abelia Drive**
**Baton Rouge, LA 70808-1903**
**Telephone:  (225) 803-9661**
**COUNSEL FOR:**
> **Defendant/Appellee - Stratacare, LLC**

**Michael A. Balascio**
**Barrasso Usdin Kupperman**
**909 Poydras Street – 24th Floor**
**New Orleans, LA 70112**
**Telephone:  (504) 589-9700**
**COUNSEL FOR:**
> **Defendant/Appellant - Darwin Select Insurance Company**

**THIBODEAUX, Chief Judge.**

This appeal arises out of a settlement agreement in a class-action lawsuit involving claims of improper medical billing practices in workers' compensation cases. The settlement agreement purportedly released Defendant-Appellee Stratacare, Inc. ("Stratacare"), in connection with some 45,000 claims involving Defendant-Appellee Rehab Review, Inc. ("Rehab Review"). All parties to that settlement agreement agree that the release of those claims was a mistake, and the settling parties filed a motion to amend the judgment approving the settlement agreement to remedy the error. Defendants Chartis Specialty Insurance, Co., Darwin Select Insurance Company, Landmark American Insurance Company, Illinois Union Insurance Company, and Westchester Surplus Lines Insurance Company (collectively "Appellants"), who are insurers of Stratacare, opposed the motion and filed exceptions of lack of subject matter jurisdiction, res judicata, and no right of action. The trial court denied Appellants' exceptions and approved the amendment of the judgment.

Appellants now seek review of the trial court's judgment. Appellees ask this Court to dismiss the appeal for lack of subject matter jurisdiction or, alternatively, to affirm the trial court's judgment. For the following reasons, we find that this Court has subject matter jurisdiction over this appeal and affirm the judgment of the trial court.

I.

## ISSUES

We are called upon to decide:

1.  whether this Court has subject matter jurisdiction over this appeal;

2.  whether the trial court had subject matter jurisdiction to amend the February 2014 Judgment; and

3.  whether the trial court properly denied Appellants' exceptions of res judicata and no right of action.

## II.

## FACTS AND PROCEDURAL HISTORY

This lawsuit began with claims that Defendant Bestcomp, Inc., improperly discounted workers' compensation medical bills filed by plaintiff healthcare providers without providing the notice required by statute. The plaintiff class's suit was eventually expanded to include entities associated with Bestcomp, Inc. and those entities' insurers as defendants. On October 1, 2013, the plaintiff class entered into a Class Settlement Agreement and General Release ("Settlement Agreement" or "Agreement") with Defendants Cannon Cochran Management Services, Inc. ("Cannon Cochran"), CCMSI Holdings, Inc. ("Holdings"), Advantage Health Plans, Inc., Indian Harbor Insurance Company, and Joseph Bonsignore (collectively "Settling Defendants"), as well as third-party defendants Rehab Review, Cigna Health Management, Inc. ("Cigna"), and Iron Shore Insurance Company (collectively "Settling Third-Party Defendants"). In Paragraph 7(B) of the Settlement Agreement, the plaintiffs, Settling Defendants, and Settling Third-Party Defendants (collectively "Settling Parties") agreed "to a full and general release of each Settling Defendant and Settling Third Party Defendant[.]" The Settlement Agreement went on to provide in Paragraph 7(C): "Notwithstanding Paragraph 7(B), Plaintiffs and the Settlement Class specifically reserve, do not settle, and do not release, any claims against Stratacare, Inc.,

2

Stratacare Inc.'s insurers, or Bestcomp, Inc., in connection with bills or transactions which did not or do not involve Holdings, Cannon Cochran, Cigna, **or Rehab Review**." (Emphasis added). The Settlement Agreement was approved by a Final Order and Judgment on February 3, 2014 ("February 2014 Judgment").

Prior to a hearing on plaintiffs' motion for class certification on March 30, 2015, Appellants claimed that Paragraph 7(C) of the Settlement Agreement released some 45,000 claims involving Rehab Review. The Settling Parties replied that the inclusion of Rehab Review in that paragraph was inadvertent. None of the Settling Parties intended or understood the Settlement Agreement to fully release claims involving Rehab Review. The Settling Parties, therefore, filed a Joint Motion to Approve Correction to Class Settlement Agreement to request that Paragraph 7(C) be amended to remove the reference to Rehab Review. Appellants, in turn, filed exceptions of lack of subject matter jurisdiction, res judicata, and no right of action. Appellants claimed that the Settling Parties' motion sought a substantive amendment of the February 2014 Judgment and that the trial court lacked the subject matter jurisdiction to make such an amendment under La.Code Civ.P. art. 1951. Appellants also argued that assertion of claims involving Rehab Review was barred by res judicata and that the Settling Parties had no right of action against Appellants concerning those claims.

The trial court denied Appellants' exceptions and approved the Joint Motion to Approve Correction to Class Settlement Agreement in a judgment dated June 23, 2015 ("June 2015 Judgment"). The trial court reasoned that since the inclusion of Rehab Review in Paragraph 7(C) of the Settlement Agreement was an undisputed mistake and inconsistent with all other documents in the record, it was a "clerical error" under La.Code Civ.P. art. 1951, rather than a substantive one.

3

The trial court, therefore, had jurisdiction to amend that error at any time. The trial court went on to state that even if the amendment was substantive, parties to the Settlement Agreement could consent to such an amendment, even after the delay for appeal had lapsed. Furthermore, Appellants had no standing to object to such an amendment on the basis of res judicata since they were not parties to the Settlement Agreement. The court rejected Appellants' contention that they had standing as third-party beneficiaries since there was no manifestly clear intention in the Settlement Agreement to benefit Appellants as third parties.

Appellants filed a timely appeal of the trial court's judgment denying their exceptions and amending the February 2014 Judgment. Appellees moved to dismiss the appeal,[1] arguing that the June 2015 Judgment was an interlocutory ruling over which this Court lacked subject matter jurisdiction. Alternatively, Appellees asked this Court to affirm the judgment of the trial court.

III.

## LAW AND DISCUSSION

### Appellate Jurisdiction

As a threshold matter, this Court must determine whether it has subject matter jurisdiction over this case. Appellees contend in their motion to dismiss the appeal that the June 2015 Judgment did not decide any of the merits of the case and is, therefore, an interlocutory judgment over which this Court has no jurisdiction. While a final judgment is appealable "in all causes in which appeals are given by law," an interlocutory judgment is appealable only when expressly

---

[1] Appellees' motion to dismiss is contained in a filing entitled "Plaintiffs-Appellees' Opposition to Appellants' Motion to Stay Any Class Certification or Other Proceedings Related to Any Issues on Appeal and Motion to Dismiss Appeal."

4

provided for by law. La.Code Civ.P. art. 2083. Final judgments include those that do not decide all issues but which "[d]ismiss[] the suit as to less than all of the parties, defendants, third party plaintiffs, third party defendants, or intervenors." La.Code Civ.P. art. 1915. Moreover, the amendment of a final judgment creates a new final and appealable judgment. *Villaume v. Villaume*, 363 So.2d 448 (La.1978); *see also Tenneco, Inc. v. Harold Stream Inv. Trust*, 394 So.2d 744 (La.App. 3 Cir. 1981) (holding that an amended judgment created a new delay for appeal). In this case, the February 2014 Judgment was a final judgment since it "dismisse[d] the suit as to less than all the parties," specifically as to the Settling Defendants and Settling Third Party Defendants. *See* La.Code Civ.P. art. 1915(A)(1); *Jeansonne v. New York Life Ins. Co.*, 08-932 (La.App. 3 Cir. 5/20/09), 11 So.3d 1160. It was also designated a "final judgment and . . . immediately appealable[.]" Since the June 2015 Judgment amended the February 2014 Judgment, the June 2015 Judgment is also final and appealable. Adverse interlocutory judgments prejudicial to the appellant, such as judgments denying exceptions, may normally be reviewed by an appellate court once a final judgment has been rendered. *Barnett v. Barnett*, 45,721 (La.App. 2 Cir. 12/22/10), 56 So.3d 1044. Therefore, the question of whether the trial court properly denied Appellants' exceptions and granted Appellees' Joint Motion to Approve Correction to Class Settlement Agreement is properly before this Court.

**Exception of Lack of Subject Matter Jurisdiction**

Appellants argue in their first exception that the trial court lacked jurisdiction to amend the February 2014 Judgment. At the outset, we note that there is no question that the inclusion of Rehab Review in Paragraph 7(C) of the

5

Settlement Agreement was an error. None of the Settling Parties intended to release claims involving Rehab Review. Yet, Appellants still contend that the trial court lacked subject matter jurisdiction to amend the Agreement to reflect the Settling Parties' intent or, at least, to do so after the delay for appeal had lapsed. The issue of subject matter jurisdiction presents a question of law, which is reviewed de novo. *Winbery v. Louisiana College*, 13-339 (La.App. 3 Cir. 11/6/13), 124 So.3d 1212, *writs denied*, 13-2844, 13-2859 (La. 4/11/14), 137 So.3d 1215 (citations omitted).

Appellants first claim that the amendment was substantive and, therefore, in violation of La.Code Civ.P. art. 1951. Louisiana Code of Civil Procedure Article 1951 provides: "On motion of the court or any party, a final judgment may be amended at any time to alter the phraseology of the judgment, but not its substance, or to correct errors of calculation." A substantive amendment to a judgment in violation of La.Code Civ.P. art. 1951 is an absolute nullity and void as a matter of law. *Webster v. Boh Bros. Const. Co., Inc.*, 603 So.2d 761 (La.App. 4 Cir. 1992). However, we do not find it necessary to reach the question of whether the amendment to the February 2014 Judgment was substantive. The Supreme Court ruled in *Villaume* that a court may make alterations to a judgment, even substantive alterations, if the parties to that judgment consent. 363 So.2d 448; *see also Methvin v. Ferguson*, 35,138 (La.App. 2 Cir. 9/26/01), 796 So.2d 712 (finding it unnecessary to determine the nature of an amendment to a judgment when the parties consented to the amendment). Here, the Settling Parties agreed that Rehab Review was included in Paragraph 7(C) by mistake and asked the trial court to amend the judgment to reflect the intentions of the parties. Since the

6

amendment was made with the consent of the parties to the Settlement Agreement, the trial court did not exceed its jurisdiction by making the amendment.

Appellants further argue that even if the trial court could substantively amend the Settlement Agreement, it could only do so within the delay for appeal. We find Appellants' argument on this matter specious and unsupported by case law. Despite Appellants assertions to the contrary, neither *Villaume* nor its progeny explicitly states whether parties to a compromise may agree to amend that compromise after the delay for appeal has expired. 363 So.2d 448; *see also LaBove v. Theriot*, 597 So.2d 1007 (La.1992) (discussing amendment of a judgment by consent of the parties). However, in some cases, judgments have been amended after the delay for appeal. *See McLemore v. Fox*, 609 So.2d 1209 (La.App. 3 Cir. 1992) (finding the fact that the amendment in *Villaume* occurred within the delay for appeal immaterial). Moreover, in this case, Paragraph 23 of the February 2014 Judgment gives the trial court the power to decide "all matters relating in any way to the [February 2014] Judgment" without reservation. We see no reason to read a time limitation into the Settling Parties' ability to amend the February 2014 Judgment when the parties did not create one and no such limitation is required by jurisprudence. Appellants' exception of lack of subject matter jurisdiction was properly denied.

### Exceptions of Res Judicata and No Right of Action

Appellants assert in their exception of res judicata that the doctrine of res judicata prohibited the trial court from "reinstating" claims in the June 2015 Judgment that were dismissed by the February 2014 Judgment. Similarly, Appellants contend that since the February 2014 Judgment dismissed the claims

7

against Appellants involving Rehab Review with prejudice, Appellees now have no right of action against Appellants concerning those claims. Both the res judicata effect of a prior judgment and a trial court's denial of an exception of no right of action are reviewed de novo. *See Fogleman v. Meaux Surface Prot., Inc.*, 10-1210 (La.App. 3 Cir. 3/9/11), 58 So.3d 1057, *writ denied*, 11-712 (La. 5/27/11), 63 So.3d 995 (citations omitted) (holding that the res judicata effect of a judgment is reviewed de novo); *State Farm Fire & Cas. Co. v. Bosley*, 09-804 (La.App. 3 Cir. 2/3/10) (unpublished opinion) (holding that denial of an exception of no right of action is reviewed de novo).

Having concluded that the trial court properly amended the February 2014 Judgment, we find that Appellants' additional exceptions were also properly denied. The amendment of the February 2014 Judgment by consent of the parties "accomplished the same result as would have been obtained had the substantive change been effected at a new trial[.]" *Villaume*, 363 So.2d at 451. A judgment rendered as the result of a new trial supersedes and vacates the previously rendered judgment. *Khoobehi Properties, L.L.C. v. Baronne Dev. No. 2, L.L.C.*, 15-17 (La.App. 5 Cir. 11/19/15), 178 So.3d 647. Here, Paragraph I of the June 2015 Judgment states:

> [P]aragraph 7(C) of the Original Settlement Agreement . . . is amended to read as follows:
>
>> Notwithstanding Paragraph 7(B), Plaintiffs and Settlement Class specifically reserve, do not settle, and do not release, any claims against Stratacare, Inc., Stratacare, Inc.'s insurers, or Bestcomp, Inc., in connection with bills or transactions which did not or do not involve Holders, Cannon Cochran, or Cigna.

The June 2015 Judgment goes on to provide that "paragraph 7(C) is amended" and that "[a]ny reference to Paragraph 7(C) in the [February 2014 Judgment] shall mean and refer to Section 7(C) as restated and set forth . . . in paragraph I of this Judgment." The previous version of Paragraph 7(C) is, therefore, superseded and vacated by the version provided in the June 2015 judgment and cannot provide a basis for either an exception of res judicata or an exception of no right of action. The trial court was correct in denying Appellants exceptions of res judicata and no right of action.

IV.

## **CONCLUSION**

The judgment of the trial court is affirmed. Costs of this appeal are assessed to the appellants, Chartis Specialty Insurance, Co., Darwin Select Insurance Company, Landmark American Insurance Company, Illinois Union Insurance Company, and Westchester Surplus Lines Insurance Company.

**AFFIRMED.**