PUBLIC SERVICE COMPANY OF NEW MEXICO, Plaintiff,

v.

APPROXIMATELY 15.49 ACRES OF LAND IN MCKINLEY COUNTY, NEW MEXICO; Navajo Nation; Navajo Tribal Utility Authority; Continental Divide Electric Cooperative, Inc.; Transwestern Pipeline Company, LLC; Citicorp North America, Inc.; Chevron USA Inc., as successor in interest to Gulf Oil Corp.; Harry House, Deceased; Lorraine Barboan, also known as, Larene H. Barboan; Pauline H. Brooks; Benjamin House, also known as, Bennie House; Annie H. Sorrell, also known as, Anna H. Sorrell; Mary Rose House, also known as, Mary R. House; Dorothy House, also known as, Dorothy W. House; Laura H. Lawrence, also known as, Laura H. Chaco; Leo House, Jr.; Jones Dehiya; Nancy Deheva Eskeets; Jimmy A. Charley, also known as, Jim A. Charley; Mary Gray Charley, also known as, Mary B. Charley; Bob Gray, Deceased, also known as, Bob Grey; Christine Gray Begay, also known as, Christine G. Begay; Thomas Thompson Gray, also known as, Thomas Grey; Jimmie Grey, also known as, Jimmie Gray; Lorraine Spencer; Melvin L. Charles, also known as, Melvin L. Charley; Marla L. Charley, also known as, Marla Charley; Kalvin A. Charley; Laura A. Charley; Helen M. Charley; Marilyn Ramone; Wynema Giberson; Irene Willie, also known as, Irene James Willie; Eddie McCray, also known as, Eddie R. McCrae; Ethel Davis, also known as, Ethel B. Davis; Charley Joe Johnson, also known as, Charley J. Johnson; Wesley E. Craig; Hyson Craig; Noreen A. Kel-

---

21. Doc. 32–2.

ly; Elouise J. Smith; Elouise Ann James, also known as, Elouise James Wood, also known as, Eloise Ann James, also known as, Elouise Woods;Leonard Willie; Alta James Davis, also known as, Alta James; Alice Davis, also known as, Alice D. Chuyate; Phoebe Craig, also known as, Phoebe C. Cowboy; Nancy James, also known as, Nancy Johnson; Betty James, Deceased; Linda C. Williams, also known as, Linda Craig–Williams; Genevieve V. King; Lester Craig; Shawn Stevens; Fabian James; Daisy Yazzie Charles, also known as, Daisy Yazzie, also known as, Daisy J. Charles; Rosie Yazzie, Deceased; Kathleen Yazzie James, also known as, Catherine R. James; Verna M. Craig; Juanita Smith, also known as, Juanita R. Elote; Alethea Craig, Sarah Nelson, Larry Davis, Jr.; Berdina Davis; Michelle Davis; Steven McCray; Velma Yazzie; Geraldine Davis; Larrison Davis, also known as, Larrison P. Davis; Adam McCray; Michelle McCray; Eugenio Ty James; Larson Davis; Cornelia A. Davis; Celena Davis, also known as, Celena Bratcher; Frankie Davis; Glen Charles Charleston, also known as, Glen C. Charleston; Verna Lee Bergen Charleston, also known as, Verna L. Charleston; Vern Charleston; Glenda Benally, also known as, Glenda G. Charleston; Kelly Ann Charleston, also known as, Kelly A. Charleston; Sheryl Lynn Charleston, also known as, Sheryl L. Charleston; Spencer Kimball Charleston, Jr., Deceased; Edwin Allen Charleston, also known as, Edwin A. Charleston; Charles Baker Charleston, also known as, Charles B. Charleston; Sam Mariano; Jorge Adrian Ortega–Gallegos; Unknown owners, Claimants and Heirs of the Property Involved, Jorge Adrian Ortega–Gallegos, Unknown Heirs of Harry House, Deceased, Jorge Adrian Ortega–Gallegos, Unknown Heirs of Bob Gray (Bob Grey), Deceased, Unknown Heirs of Betty James, Deceased, Unknown Heirs of Rosie C. Yazzie, Deceased, Unknown Heirs of Spencer Kimball Charleston, Jr. (Spencer K. Charleston), Deceased, Estate of Rosie C. Yazzie, Deceased, Estate of Spencer K. Charleston, Deceased, United States of America, United States Department of Health and Human Services, United States Department of the Interior, Defendants.

No. 15 CV 501 JAP/CG

United States District Court,
D. New Mexico.

Signed 12/01/2015

Kirk R. Allen, Albuquerque, NM, Stephen Bentley Waller, Miller Stratvert P.A., Albuquerque, NM, for Plaintiff.

Jonas Nahoum, Virtue & Najjar, PC, Santa Fe, NM, Daniel A. Najjar, Wiggins, Williams & Wiggins, Albuquerque, NM, Deana M. Bennett, Lynn H. Slade, Modrall Sperling Roehl Harris & Sisk PA, Albuquerque, NM, for Defendants.

## MEMORANDUM OPINION AND ORDER DISMISSING COUNTERCLAIM ASSERTED BY INDIVIDUAL DEFENDANTS

James A. Parker, SENIOR UNITED STATES DISTRICT JUDGE

On September 15, 2015, Plaintiff Public Service Company of New Mexico (PNM) filed PLAINTIFF PUBLIC SERVICE COMPANY OF NEW MEXICO'S MOTION TO DISMISS COUNTERCLAIM (Doc. No. 37) (Motion). On September 22, 2015, Defendants Lorraine J. Barboan, Laura H. Chaco, Benjamin A. House, Mary R. House, Annie H. Sorrell, Dorothy W. House,[1] Jones Dehiya,[2] Kalvin Charley, Mary B. Charley, Melvin L. Charley, Marla L. Charley, Christine G. Begay, Jimmie Gray, Thompson Grey, Bob Grey,[3] Leonard Willie, Irene Willie, Charley Johnson, Eloise J. Smith, Shawn Stevens,[4] Glen C. Charleston, and Glenda G. Charleston[5] (together, the 22 Defendants) responded in opposition to the Motion. See RESPOSNE IN OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM (Doc. No. 40). PNM also filed a reply brief. See REPLY IN SUPPORT OF PLAINTIFF PUBLIC SERVICE COMPANY OF NEW MEXICO'S MOTION TO DISMISS COUNTERCLAIM (Doc. No. 46).

In their ANSWER TO CONDEMNATION COMPLAINT (Doc. No. 30), the 22 Defendants asserted a counterclaim for trespass against PNM because it has failed to obtain a renewal of its fifty-year right of way for an electric transmission line (the AY Line), which expired in April 2010.

Condemnation actions in federal court are governed by Fed. R. Civ. P. 71.1, which provides in relevant part, "a defendant that has an objection or defense to the taking must serve an answer within 21 days after being served with the notice" of condemnation. Fed. R. Civ. P. 71.1(e)(2). "A defendant waives all objections and defenses not stated in its answer. No other pleading or motion asserting an additional objection or defense is allowed." Fed. R. Civ. P. 71.1(e)(3).

Courts have determined that under Rule 71.1 (e), counterclaims are not permitted because they are pleadings asserting additional claims. See, e.g., Washington Metro. Area Transit Auth. v. Precision Small Engines, 227 F.3d 224, 228 n.2 (4th Cir. 2000) (stating that a counterclaim is an impermissible pleading under Rule 71.1); Kansas Pipeline Co. v. 200 Foot by 250 Foot Piece of Land, 210 F.Supp.2d 1253, 1258 (D. Kan. 2002) (holding that because counterclaims are considered to be "pleadings" they are not permitted under Rule 71.1). See also 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus,

---

1. Lorraine J. Barboan, Laura H. Chaco, Benjamin A. House, Mary R. House, Annie H. Sorrell, and Dorothy W. House are owners of fractional interests in Allotment 1160.

2. Jones Dehiya is an owners of a fractional interest in Allotment 1204.

3. Kalvin Charley, Mary B. Charley, Melvin L. Charley, Marla L. Charley, Christine G. Begay, Jimmie Gray, Thompson Grey, and Bob Grey are owners of fractional interests in Allotment 1340.

4. Leonard Willie, Irene Willie, Charley Johnson, Eloise J. Smith, and Shawn Stevens are owners of fractional interests in Allotment 1392.

5. Glen C. Charleston and Glenda G. Charleston are owners of fractional interests in Allotment 1877.

Fed. Prac. & Proc. § 3048 (2d ed. 1997). One court however has ruled otherwise. In *Columbia Gas Transmission LLC v. Crawford,* 267 F.R.D. 227 (N.D. Ohio 2010), the court ruled that Rule 71.1 does not bar a counterclaim because it is not technically a pleading under Rule 7(a), but "a claim asserted within a 'pleading'—like an answer, which Rule 71.1(e)(2) permits. *Id.* at 228.

As PNM asserts, the holding in *Columbia Gas* is a minority view, and most courts have ruled that counterclaims are not permitted in condemnation actions under Rule 71.1. This argument recognizes that "the rulemakers properly provided a simple and summary procedure by which to dispose of defenses and objections to the taking." 12 Fed. Prac. & Proc. § 3048. Moreover, the 22 Defendants have filed a separate proceeding in this Court asserting the same claim for trespass. *See Barboan et al. v. Public Service Co. of N.M.,* Case No. 15 CV 826 LF/KK. Hence, the counterclaim is not allowed under Rule 71.1(e), and it is unnecessary.

IT IS ORDERED that PLAINTIFF PUBLIC SERVICE COMPANY OF NEW MEXICO'S MOTION TO DISMISS COUNTERCLAIM (Doc. No. 37) is granted and the 22 Defendants' counterclaim for trespass is dismissed without prejudice.